Gershengorn, J.
Plaintiffs seek damages for the negligent renovation of their medical office. On November 15, 1995, this court (Gershengorn, J.) dismissed the action under Mass.R.Civ.P. 41(b)(1) for failure to comply with a nisi order dated October 19, 1995. Plaintiffs seek to vacate that dismissal. For the following reasons, plaintiffs’ motion is ALLOWED and the action reinstated.
BACKGROUND
Plaintiffs leased premises at 2360-2370 Newton Lower Falls for use as a medical office. On June 30, 1990 the ceiling in the office collapsed. The several defendants, to one extent or another, were involved in the construction or renovation of that ceiling.
Plaintiffs’ insurer, Commerce Insurance, made payment to plaintiffs in the amount of $80,000 and $180,000 for property damage and business interruption, respectively. Plaintiffs originally claimed $897,141.00 for business interruption but eventually settled with Commerce for $180,000.00, an amount less than the policy limit. Plaintiffs submitted a claim for property damage in the amount of at least $91,186, but received payment of only $80,000 apparently due to the policy limit.
On June 25, 1993 attorneys for Commerce filed the present suit based upon their subrogation rights. The owners of plaintiffs’ office building also brought suit in Lower Falls Wine Co., et al. v. Allen Ligouri et al, Civil Action No. 93-3735, for property damage. Edson Rafferty, plaintiff Sharon Margulies’ husband, brought suit in Rafferty v. Mills, Civil Action No. 93-3831, for injuries sustained during the collapse.
The attorneys for Commerce Insurance entered into settlement negotiations with the defendants. On October 19, 1995, the parties reported to the court that a settlement agreement had been reached in the instant case. On that day, this court (Gershengorn, J.) entered a “dismissal nisi” order that an agreement for judgment be filed within 20 days or the matter be dismissed with prejudice. On November 6, 1995, at the request of defendant Fire Protection Services, this court (Gershengorn, J.) extended the nisi period to December 4, 1995.
On November 15, 1995 this court (Gershengorn, J.) dismissed the complaint, cross-claim, counterclaim and third-party action without prejudice for failure to comply with the nisi order. On December 4, 1995, attorneys for Commerce Insurance filed the present emergency motion. On December 21, 1995, plaintiffs’ personal attorney filed a memorandum of law in support of the subject motion and an affidavit of Sharon Margulies.
DISCUSSION
1. Dismissal of November 15, 1995
The order of dismissal of November 15, 1995, for failure to comply with the dismissal nisi order was improper. The court (Gershengorn, J.) had extended the order to December 4, 1995. The parties were therefore in compliance with the order on November 15, 1995, and the order of dismissal for noncompliance was in error. The order of dismissal is therefore vacated.[3]
2. Dismissal as of December 4, 1995
The report of settlement, absent the filing of a signed stipulation, is generally viewed as a motion for dismissal at the plaintiff’s instance under Mass.R.Civ.P. 41(a)(2). Morgan v. Evans, 39 Mass.App.Ct. 465, 469 (1995). The Appeals Court has stated the following concerning a plaintiffs’ attempt to withdraw his motion:
We are aware that on occasion it has been stated that a plaintiff filing a motion voluntarily to dismiss an action should be prepared to take the consequences, including the possibility that the court might dismiss with prejudice. Considerations of fairness would seem to require, however, that, except in extraordinary situations, a party should not be penalized for having filed a motion to dismiss. The cases which recognize an option on the part of the moving party, when faced with conditions he finds unacceptable, to fall back to the position of litigating the merits of the controversy in the forum of his original choice appear to be based upon such a concept of fairness. Except to the extent that the defendants are called upon to oppose the motion to dismiss, a consideration which can be satisfied by *161 the imposition of costs, the recognition of such an option leaves the defendants no worse off than they would have been had no such motion been filed. They may still have their day in court. Flynn v. Church of Scientology of California, Inc., 19 Mass. App. Ct. 59, 67 (1984) (citations omitted).
The parties reported the instant case settled on October 19, 1995. The court granted the parties an extension to file the final written settlement agreement until December 4, 1995. On December 4, 1995, plaintiffs submitted their motion to vacate the dismissal and fundamentally withdrew their report of settlement.
The parties’ report of settlement, without the subsequent filing of a stipulation of dismissal, is essentially a motion by plaintiff to dismiss the case. Morgan v. Evans, 39 Mass.App.Ct. 465, 469 (1995). The final determination of that request was set for December 4, 1995. Prior to that deadline, plaintiffs sought to withdraw the report of settlement and, essentially to withdraw their motion to dismiss the matter.
The parties have failed to file a final written agreement with the court. The report of settlement has caused delay in this litigation, however, defendants have not demonstrated prejudice which would justify under the law dismissing plaintiffs’ cause of action. Defendants argue various forms of prejudice, ranging from the time they have spent attempting to settle this matter, to forbearance of litigation strategies, to the affect of this decision on the consolidated action. These arguments, however, relate not to the report of settlement but to the alleged reliance upon a settlement agreement among counsel and whether that alleged oral agreement should be enforced.
This case is not one of those extraordinary situations in which plaintiffs can be penalized for reporting the case settled. Flynn, supra at 67. Plaintiffs are faced with a settlement which they find unacceptable and fundamental concepts of fairness under the circumstances in this case as presented dictate that they be allowed to retreat to their original position and litigate this matter on the merits. Id. Defendants are no worse off due to the report of the settlement. Id. Accordingly, the order of dismissal nisi dated October 19, 1995 is vacated and this matter is fully reinstated.
3. Plaintiffs are Real Parties in Interest in this Action
Defendants argue that the named plaintiffs are not the real party in interest in this action. They apparently assert that the named plaintiffs have no standing to object to the settlement and that their personal claims are not included within this action.
If . . . the insurer has partially reimbursed the insured for the loss, “both insurer and insured would be the real parties in interest with the insurer a subrogee to the extent of its payment.”'A subrogee stands in the shoes of the subrogor in whose name the action is brought. Thus, the insurer’s rights by subrogation are no greater than the rights of the insured. Liberty Mutual Ins. Co. v. National Consolidated Warehouse, Inc., 34 Mass.App.Ct. 287, 297 (1993) (citations omitted).
Commerce did not fully reimburse plaintiffs for their loss and accordingly, both are real parties in interest in this action. Further, defendants were on notice of plaintiffs’ personal claims. The complaint makes no mention of Commerce Insurance Company, subrogation rights or Mass.R.Civ.P. 17(a), nor does it limit damages to the amount or kind paid by Commerce. Defendants were also aware that plaintiffs claimed at least $ 11,000 in damages over the amounts sought by Commerce. They were also on notice of a possible $700,000 in additional damages. Plaintiffs are real parties in interest in this litigation and defendants cannot claim that they were not on notice of their claims.
4. Enforcement of Settlement Agreement:
As noted by the third party defendant, Roy Philbrick, the relief primarily sought by defendants, and plaintiffs in the Lower Falls action, is enforcement of an oral settlement allegedly agreed to by plaintiffs’ attorney.
Plaintiffs argue that their attorney did not have authority to settle their claim.[4] An attorney merely because he is retained does not possess the power to settle. Torrao v. Cox, 26 Mass.App.Ct. 247, 252 (1988); Hubbard v. Peairs, 24 Mass.App.Ct. 372, 377 (1987). The attorney must be empowered to settle by the client. Hubbard v. Peairs, 24 Mass.App.Ct. 372, 377 (1987).
Initially, this court notes that defendants have failed to provide a copy of the alleged agreement. In addition, there is no evidentiary support in the record that the alleged agreement was in fact agreed to by counsel for all parties.
It is difficult to believe that the many parties to this action, as well as the Lower Falls case, would have invested the considerable time and expense to reach a settlement without ensuring that the plaintiffs’ attorney was authorized to settle their claims. The court also notes that Mr. Rafferty, plaintiff Sharon Margulies’ husband, was present at court hearings regarding this settlement and it is difficult to believe that she did not have knowledge of the negotiations. However, this court cannot conclude on the documents before it that plaintiffs’ attorney was in fact authorized to settle her claims.
If defendants wish to enforce the alleged settlement agreement they must move for an evidentiary hearing on the issue of whether the plaintiffs’ attorney had authority to settle her claims. Id. at 375. That motion must be accompanied by affidavits which demonstrate (1) specifically and in full detail what the alleged agreement is, what amounts are to be paid to Com *162 merce, and what amounts are to be paid to the plaintiffs, and (2) that counsel for all parties agreed upon the final settlement. The court will then hold an evidentiary hearing to determine whether the plaintiffs’ attorney had authority to enter into a settlement of their claims.
Defendants and plaintiffs in the Lower Foils action advance several other arguments in support of their motion to enforce the alleged oral settlement agreement.[5] These arguments do not address the fundamental issue of authority to settle which is raised by plaintiffs, and accordingly, they are not persuasive on the issue of whether the alleged agreement is enforceable.
Defendants argue that the settlement was achieved after eighteen months of mediation and negotiation. They argue that they have been prejudiced because since the date of the oral settlement their motions for summary judgment in a companion case have been denied. They also argue that they have foregone various litigation opportunities such as conciliation, adding other parties, and discovery. Plaintiffs in the Lower Falls action argue that they have been prejudiced because the settlement of that action is dependent upon settlement in the instant case. They all argue that they relied upon counsel for Commerce Insurance to have authority to enter into a settlement and acted in good faith during the negotiations.
If a valid settlement agreement was reached it will be enforced. If plaintiffs’ attorney did not have authority to settle their claims, however, this court will not enforce the agreement on the basis of prejudice alleged by the parties. The parties “must be held to have known that the agreements did not come within the implied authority of the attorney, and the [parties] must be held to have taken the chance that it might later appear that the plaintiff was not bound by the settlement.” Precious v. O’Rourke, 270 Mass. 305, 309 (1930).
Defendants also argue that the claims of plaintiffs are de minimis and the reinstatement of this matter would result in a two week trial without due cause. This court will tiy this case, should the alleged agreement be unenforceable, regardless of its length.
Defendants next argue that plaintiffs have done nothing to document or pursue their claim until after settlement was reached. As noted above, plaintiffs are real parties in interest in this action, and accordingly, have pursued their claims. Defendants further argue that they were never made aware of the extent of plaintiffs’ claims. This argument is essentially one concerning proper response to discovery requests. It is not relevant to whether a valid settlement agreement was reached concerning plaintiffs’ personal claims.
Defendants also argue that the doctrine of judicial estoppel prevents plaintiffs from denying the settlement after it was reported to the court. The doctrine, as well as the cases cited by defendants, however, involve an attempt to vacate a valid agreement. Correia v. DeSimone, 34 Mass.App.Ct. 601, 602 (1993) (oral agreement reached); Carver v. Waldman, 21 Mass.App.Ct. 958 (1986) (agreement read into record and acknowledged by parties); Grindlinger v. Grindlinger, 10 Mass.App.Ct. 823 (1980) (parties signed agreement). Where, as argued here, an agreement is made by an attorney without authority, it is not binding upon the parties even if it is filed in court. Precious v. O’Rourke, 270 Mass. 305, 308 (1930).
5. Appearance of Phillip A. Shaw, Esq.
Attorney Shaw is the law partner of Edson Rafferty, the plaintiff in the companion case of Rafferty v. Mills, and the husband of the named plaintiff Sharon Margulies. Attorney Shaw represents Mr. Rafferty in Rafferty v. Mills. The named plaintiffs were original defendants in that action.
On December 21, 1995, Attorney Shaw filed a stipulation of dismissal against the named plaintiffs in the Rafferty action. He then filed his notice of appearance for the named plaintiffs in the present action.
Attorney Shaw’s stipulation of dismissal in the Rafferty action was inadequate because it was not assented to by all parties. The plaintiffs are therefore still defendants in the Rafferty action. Shaw’s representation of the plaintiffs in the present case while he represents Rafferty against them in the Rafferty case is a conflict of interest and improper.
Attorney Shaw must file a motion to dismiss under Mass.R.Civ.P. 41(a)(2) in the Rafferty matter. His notice of appearance is hereby stricken until such motion is filed and allowed.
ORDER
For the above stated reasons, the judgment of dismissal dated November 15, 1995 and order of dismissal nisi dated October 19, 1995 are hereby VACATED, this action is fully REINSTATED, and the appearance of Attorney Shaw for the plaintiffs is STRICKEN.

As the entry of the order of dismissal was aprocedural error, the requirements of Mass.RCiv.P. 59(e) and 60(b) are irrelevant.

Defendants move to strike the affidavit of Sharon Margul-ies. Defendants have not filed any evidence of the alleged agreement. Accordingly, plaintiffs need not object to the validity of the alleged agreement by affidavit. Nonetheless, this court relies upon the affidavit only as raising the issue of authority. The court does not rely upon the affidavit as evidentiary support for this contention. Ms. Margulies may not rely upon her affidavit in any subsequent evidentiary hearing, but must testify in person. The admissibility of the statements made in her affidavit will be determined during the hearing, if offered.

An opposition of Wilbur Development is referred to in the opposition of other defendants. It is not, however, before the court.