Merrick, J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8A, expedited appeal by the defendant, Island Gymnastics Training School, Inc. (“IGT’), of both the trial court’s refusal to award costs and attorney’s fees upon its allowance of the plaintiffs’ Mass. R. Civ. R, Rule 41(a) (2), motion for voluntary dismissal of this action, and its failure to issue a statement of the reasons for its ruling. The plaintiffs, Bruce and Jennifer Haynes, filed neither an objection to IGT’s expedited appeal, nor an appellee’s brief to this Division.[2]
IGT brought a small claims action in the Edgartown District Court (the “Edgartown action”) on March 13, 2007 against the plaintiffs to recover an alleged balance on the parties’ contract left unpaid when they withdrew their daughter from an IGTs gymnastics class. A week after service of process in that action, the plaintiffs filed this civil action against IGT in the Falmouth District Court, claiming breach of contract, G.L.c. 93A violations, and intentional infliction of emotional distress.[3] IGT moved to dismiss under Mass. R. Civ. R, Rule 12(b) (9), for “[pjendency of a prior action in a court of the Commonwealth.” That motion was denied on May 3, 2007. IGT also responded to a request for production of documents which had been served with the complaint. Following the plaintiffs’ filing of a motion to compel discovery, which they removed from the list prior to hearing, IGTs director and counsel traveled on June 28, 2007 from Martha’s Vineyard to plaintiff counsel’s office in Canton for a deposition.
IGT had also served its own discovery, interrogatories and a request for production, on June 1,2007. Further, the parties had agreed that IGT would not oppose the plaintiffs’ motion to transfer the Edgartown small claims action to the regular civil docket and that IGT could amend its Edgartown complaint. Following the transfer, *118 the plaintiffs filed counterclaims in the Edgartown action which mirrored their contract and c. 93A claims in this Falmouth action, but did not include an emotional distress claim. The plaintiffs’ counsel then “gleefully and contemptuously” (as characterized in IGTs opposition to the plaintiffs’ motion to dismiss) announced that he was not going to respond to IGT’s discovery, but would instead move to dismiss this Falmouth action without prejudice under Mass. R. Civ. R, Rule 41 (a) (2). That motion was heard at a case management conference on July 19, 2007. IGT filed an opposition to the plaintiffs’ dismissal motion and a cross motion for costs and attorney’s fees. IGT did not oppose the allowance of the plaintiffs’ Rule 41(a)(2) dismissal motion, but requested that costs and attorney’s fees be awarded as a condition of its allowance. The judge allowed the motion, dismissing this Falmouth case without prejudice, but did not award costs or attorney’s fees. IGT has appealed that order.
1. Rule 41(a) of the Mass. R. Civ. P. provides for the dismissal of an action without prejudice by a plaintiff, unilaterally, before a responsive pleading is filed, or by stipulation of the parties. In all other cases, “an action shall not be dismissed at the plaintiff’s instance save upon order of the court and upon such terms and conditions as the court deems proper.” Mass. R. Civ. R, Rule 41(a) (2). As to those terms, the First Circuit Court of Appeals has said:
We do not read Rule 41(a) (2) as always requiring the imposition of costs as a condition to a voluntary dismissal, although it is usually considered necessary for the protection of the defendant The decision of whether or not to impose costs on the plaintiff lies within the sound discretion of the district judge, as does the decision of whether to impose attorney’s fees (citations omitted).
Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 51 (1st Cir. 1981). As noted, the motion judge here allowed the plaintiffs’ motion to dismiss without prejudice and did not award any costs. But he did not expressly act on IGT’s “Opposition to Plaintiffs’ Motion to Dismiss & Cross Motion for Costs and Attorneys Fees.” IGT complains first that the judge erred in failing to address specifically its request with written reasons for the implicit denial. In the absence of Massachusetts cases on the subject, IGT correctly points to the general proposition that “the adjudged construction... given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content.”[4] Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 179-180 (1975). Based on that principle, IGT relies on Alamance Indus., Inc. v. Filene’s, 291 F.2d 142 (1st Cir. 1961) for the proposition that the absence of a written statement of reasons requires reversal or remand of a decision on a motion to dismiss without prejudice under Mass. R. Civ. R, Rule 41(a) (2).
Alamance Indus., Inc. was an appeal of a Massachusetts Federal District Court’s denial of a motion to dismiss without prejudice under Mass. R. Civ. E, Rule 41(a) (2), following the court’s refusal to allow any dismissal, on any terms, that was not with prejudice. Alamance had sued the retailer, Filene’s, for patent infringement Id. at 143. It had also *119 filed a counterclaim on the same issue in an action pending in North Carolina Federal Court against several manufacturers in which there had been 25 depositions totaling some 3,500 pages and 400 exhibits. Id. Alamance moved to dismiss the Massachusetts action only after the court had denied its motion for a stay of trial during the pendency of the North Carolina case. Id. at 144. As noted, the court refused to consider a stay, or a dismissal without prejudice, on any terms. In reversing, the First Circuit held:
We have already expressed our belief that the court did not even purport to exercise discretion. But were we to assume that it did, the reasons given — that Alamance had brought the suit and obliged the defendant to employ counsel to file an answer — were patently insufficient. They were merely a recitation of the very circumstances that call the rule into play. Something else was needed and we find nothing else presented (emphasis added).
Id. at 147.
The instant case, however, is not one in which “nothing else [was] presented.” The record demonstrates that this second, separate suit in Falmouth by the plaintiffs was a logical and foreseeable result of IGTs choice of the small claims procedure for its Edgartown suit As noted, IGTs Rule 12(b) (9) motion to dismiss this Falmouth action on the ground of the “[p]endency of a prior action in a court of the Commonwealth” was denied by the Falmouth court, and IGT has not appealed that ruling. But the issue of whether the plaintiffs’ filing of this action constituted “claim splitting” is material to IGTs assertions on this appeal that the plaintiffs’ Falmouth action was improperly brought, and that the Falmouth court’s Rule 41(a)(2) dismissal should, therefore, have been conditioned upon the plaintiffs’ payment of IGTs costs and attorney’s fees. We conclude that this Falmouth action was properly commenced (and dismissal of it under Rule 12(b) (9) properly denied) because the claims asserted by the plaintiffs would not have been required to be brought in Edgartown as compulsory counterclaims. The reason is that IGT elected to file the Edgartown action as a small claims case in which counterclaims are not compulsory. Rule 3(c) of the Uniform Small Claims Rules. See also Smith v. Caggiano, 12 Mass. App. Ct. 41, 46 (1981).
Other Federal cases that have considered the issue of the absence of a written statement of reasons for a Rule 41(a) (2) dismissal do not suggest that such a statement is a requirement but rather that, in those cases, the record did not demonstrate any basis for the exercise of discretion as to costs or fees. See, e.g., McCants v. Ford Motor Co., 781 F.2d 855, 860 (11th Cir. 1986) (written opposition requesting conditions not included in record, making it “insufficient to allow us to evaluate the district court’s exercise of its discretion”); LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 605 (5th Cir. 1976) (nothing in the record permitting appellate court to determine whether trial court properly exercised its discretion). While it might have been desirable to the court to state its reasons for dismissing the action without the costs requested by IGT, a district court judge was not obligated to issue at a written decision at the time the plaintiffs’ Rule 41(a) (2) motion was decided.
2. As to the merits of the court’s refusal to condition the dismissal of this Falmouth action on the payment of IGTs attorney’s fees, we have noted that this action did not constitute “claim splitting” because IGTs own election to file a small claims case permitted the plaintiffs’ filing of a separate civil action. The choice to pro *120 ceed under the small claims procedure discourages the joinder of counterclaims for which a defendant might want to protect appellate rights. See Lyons v. Kinney System, Inc., 27 Mass. App. Ct. 386, 388-389 (1989). Moreover, IGT itself agreed to the transfer of the Edgartown action to the regular civil docket, thereby permitting most of the plaintiffs’ Falmouth claims to be asserted as counterclaims and IGTs small claims complaint to be amended to include its Falmouth claims. All of those consequences benefitted both the parties and the trial court. This case is unlike all of the Rule 41(a)(2) cases called to our attention in which plaintiffs brought an initial action, and then filed or attempted to maintain a second action at another time, or place. Here, the second action was brought by the defendant in the first case. In these circumstances, the motion judge was entitled to let both parties bear their own attorney’s fees.
IGT also argues in support of its request for attorney’s fees and costs that the plaintiffs’ Falmouth claim for emotional distress was frivolous and brought solely to enable the plaintiffs’ attorney to require IGT’s director and counsel to travel to his office in Canton for a deposition. IGT alleged these facts in an abuse of process counterclaim in the present action and in its amended complaint in Edgartown. If its allegations are true and proved, IGT will prevail. But other than IGT’s bare allegations and the plaintiffs’ omission of an emotional distress claim in their Edgartown counterclaim, there is not a scintilla of evidence in the record before us to support the falsity of the claim. Neither the complaint, nor any actual or even alleged supporting facts, are included. The same is true of IGTs claim under Mass. R. Civ. R, Rule 11.
Finally, it may be noted that, if the allowance of the plaintiffs’ dismissal motion had been conditioned upon costs, they would have been entitled to withdraw their motion and try the case in Falmouth. Flynn v. Church of Scientology of Cal., Inc., 19 Mass. App. Ct. 59, 67 (1984). Further, if IGT defeated the plaintiffs’ emotional distress claim after trial, it would not be entitled to attorney’s fees. It is certainly not entitled to be any better off on a Rule 41(a) (2) dismissal than it would be after trial.
Affirmed.
So ordered.

 Accordingly, they were not permitted to participate in oral argument. Dist./Mun. Cts. R. A. D. A., Rule 19(c).

 Their Dist./Mun. Cts. Supp. R. Civ. E, Rule 102A, statement of damages indicated that the plaintiffs sought $24,999.00 in damages for the emotional distress count alone.

 Because we decide this case on other grounds we do not consider whether former Mass. R. Civ. P. 52 governing written findings in the District Court Department prior to the March 1,2008 rule amendment presented “significant differences in content” from the Federal rules.