Howard L. TERRY, Plaintiff,

v.

Samuel PEARLMAN, Jordan Friedman,
First National Bank of Boston, New-
ton-Waltham Bank and Trust Company;
and

Lancet, Inc., Defendants.

Civ. A. No. 67-141.

United States District Court
D. Massachusetts.

June 22, 1967.

Ely, Bartlett, Brown & Proctor, Charles W. Bartlett, Andrew F. Lane, Daniel Bickford, Boston, Mass., for plaintiff.

Joel A. Kozol, Frank L. Kozol, Neil N. Glazer, Boston, Mass., for defendants Samuel Pearlman, Jordan Friedman and Lancet, Inc.

Stanley Ganz, Boston, Mass., for defendant Newton-Waltham Bank & Trust Co.

Hiller B. Zobel, Boston, Mass., for defendant First Nat. Bank of Boston.

## MEMORANDUM

JULIAN, District Judge.

This case came on for a hearing on the motions of the defendants Friedman, Pearlman, and Lancet, Inc., to vacate the plaintiff's notice of dismissal and to strike the plaintiff's stipulation for dismissal.

This action was begun by the filing of the complaint on February 14, 1967, against Pearlman, Friedman, Lancet, Inc., First National Bank of Boston (hereinafter referred to as "First National"), and the Newton-Waltham Bank & Trust Company (hereinafter referred to as "Newton-Waltham").

On an *ex parte* application of the plaintiff the Court granted a temporary restraining order enjoining Newton-Waltham from disposing of any collateral deposited by Friedman, Pearlman, and Lancet, Inc., with Newton-Waltham in connection with a certain letter of credit, and enjoining Friedman, Pearlman, and Lancet, Inc., from disturbing any such collateral. A hearing was held on Febraury 17, 1967, at which all parties were represented. After hearing the Court dissolved the temporary restraining order because no collateral had in fact been deposited with Newton-Waltham. On the same day, First National filed a motion to dismiss the action against it, together with an affidavit. This motion could not be heard on February 17 because of lack of notice to the other parties.

On March 10, Newton-Waltham filed an answer to the complaint.

On March 27, at 11:49 A.M., the plaintiff filed a notice of dismissal of the action, and at 12:18 P.M. the plaintiff filed a stipulation for dismissal signed by the attorneys for the plaintiff and the defendant Newton-Waltham.

Subsequently, the defendants Friedman, Pearlman, and Lancet, Inc., filed motions to vacate the notice of dismissal and strike the stipulation for dismissal.

■ Regarding the motion to vacate the notice of dismissal, the defendants rely primarily on four grounds. The first is that the motion to dismiss filed by First National with an affidavit must be considered a motion for sum-

mary judgment under Rule 12(b) such as would remove the plaintiff's right to dismiss the action against any party defendant by notice of dismissal. The defendants rely upon the reasoning of the case of Harvey Aluminum Inc. v. American Cyanamid Co., 1953, 2 Cir., 203 F.2d 105.

This argument is not persuasive here. The motion to dismiss was filed by First National alone. At the hearing First National chose to treat the motion as one to dismiss and not one for summary judgment.[1] Although an affidavit was attached, the motion expressly states that each of the grounds relied upon is apparent on "the face of the complaint herein." Furthermore, the affidavit presented no material facts that are not alleged explicitly or by necessary inference in the verified complaint or that conflict in any way with the facts alleged in the complaint. I therefore rule that the filing of the motion to dismiss presented no bar to the effectiveness of the notice of dismissal.

■ Secondly, the moving defendants rely upon the filing of an answer by Newton-Waltham to prevent the plaintiff from dismissing as to the other four defendants who had not filed answers. Again, the defendants rely upon the Harvey Aluminum case. This argument is also not persuasive.

■ As was stated in 5 Moore's Federal Practice, page 1088,

"where notice of dismissal is filed under Rule 41(a) (1) with regard to one of several defendants, who has served neither an answer nor a motion for summary judgment, dismissal should not be precluded by the fact that other defendants have served an answer or a motion for summary judgment, unless Rule 41(a) (1) is read restrictively to curtail plaintiff's right of voluntary dismissal."

■■ I interpret the word "action" as used in Rule 41(a) (1) to mean all of the claims against any one defendant, and not necessarily all of the claims against all of the defendants. I conclude, therefore, that a dismissal by notice under Rule 41(a) (1) (i) can be effective against less than all defendants.[2]

1. At the hearing on the motions of defendants Friedman et al. to vacate notice of dismissal and to strike stipulation for dismissal, the following statements were made to the Court by Mr. Zobel, counsel for First National:

"MR. ZOBEL: As you know, Your Honor, I represent the First National Bank of Boston. * * * I would just as soon * * * you let the First National Bank, which is now out of the case, remain out of the case. We are quite happy with the dismissal.

*       *       *       *       *

"MR. ZOBEL: The First National Bank has filed a motion to dismiss which, despite Mr. Kozol's urgings, is not a motion for summary judgment. It's a 12 (b) motion to dismiss.

"THE COURT: * * * What was done with the motion?

"MR. ZOBEL: It has not been heard, Your Honor, because, of course, the case was voluntarily dismissed which made the motion to dismiss not only moot but superfluous."

2. This conclusion would apply to the previous point as well. Even if the motion to dismiss filed by First National were to be treated as a motion for summary judgment under Rule 12(b), the notice of dismissal would be effective against the defendants Pearlman, Friedman, and Lancet, Inc., and there would be no basis for vacating that notice of dismissal as to them. Furthermore, they would not have standing as parties to the action to move to strike the stipulation for dismissal.

It is also to be noted that First National does not object to the operation of the notice of dismissal in dismissing it from the case.

**338**

· [7] Thirdly, the defendant relies upon the theory that the hearing of February 17 should be held to satisfy the requirement of Rule 41(a) (1) (i) that an *answer* or motion for summary judgment be filed before the plaintiff loses his right to dismiss by notice. The simple answer to this contention is that the rule is clear in its requirements. Furthermore, reliance on the *Harvey Aluminum* case is misplaced. In that case an extensive evidentiary hearing was held over several days on a motion for a preliminary injunction in which the merits of the controversy were squarely raised, and the district court's action in denying the injunction was partly based on the conclusion that the plaintiff's chance of success on the merits was small. At the February 17 hearing no testimony was taken, and the decision to dissolve the temporary restraining order was in no way based on the merits of the case.

The final contention of the defendants is that the notice of dismissal was a violation of the orders of the Court approving the stipulations between the parties for the extension of time within which the defendants must file their answers. No authority was cited for this proposition, and it is, in fact, not persuasive. When the plaintiff conceded additional time to the defendants for the filing of an answer he did not contemplate surrendering his right to dismiss the action as well. Nor did the Court intend to place any such injunction on the plaintiff in approving the stipulation.

I conclude, therefore, that the notice of dismissal filed at 11:49 A.M. on March 27 effectively dismissed the actions against all defendants except Newton-Waltham. The subsequent stipulation for dismissal filed at 12:18 P.M. on March 27 between the plaintiff and Newton-Waltham, the only parties then in the case, was effective to dismiss as against Newton-Waltham.

Therefore, the motions to vacate the notice of dismissal and to strike the stipulations for dismissal are denied.