0466

Linda Joyce Tilley SANCHEZ, Respondent, v. Edward Douglas TILLEY, Appellant.

(330 S. E. (2d) 319)

Court of Appeals

*Mary J. Wiesen-Kosinski,* Aiken, *for appellant.*

*Thomas P. Murphy,* North Augusta, *for respondent.*

Heard March 28, 1985.

Decided May 14, 1985.

GARDNER, Judge:

Linda Joyce Tilley Sanchez (the ex-wife) brought this action against her ex-husband, Edward Douglas Tilley (the ex-husband) to obtain judgment for arrearages due under an oral separation contract. The case was tried by a trial judge without a jury; he awarded judgment in favor of the ex-wife. We affirm.

## FACTS

The parties had five children at the time of their separation (three of their own and two of the ex-husband's by a prior marriage). On July 28, 1980, they entered into a written separation contract. This comprehensive contract provided for a property division between the parties and provided that the wife would relinquish claim for alimony. It also provided that she would have custody of all five children and that the husband would pay the wife $750 per month child support. The contract also provided that all modifications had to be in writing.

Shortly after their first contract was executed, the ex-husband's two older children by a prior marriage moved into their father's home. As a result, the parties orally made a new contract that the ex-husband would pay only $450 per month support. He paid this amount from September 1980 through August 1981. From September 1981 to the time of the institution of this action, the ex-husband paid $250 per month as support for his three children by the ex-wife who had moved to Texas.

On appeal, the ex-husband argues (1) that the purpose of the child support, in the written contract, was frustrated when the two older children by a prior marriage returned to his home so that the doctrine of frustration excused further performance under the contract and (2) that the oral contract is invalid because the writing required modification to be made in writing and there was no consideration for the contract.

### I.

The doctrine of frustration is defined in 17A C.J.S. *Contracts* Section 463(2) as follows:

> Section 463(2).—Doctrine of Frustration a. In General The doctrine of frustration, which is of relatively recent growth, excuses performance of a contract, in a proper case, where the purpose of the contract, or of the parties thereto, is frustrated by a supervening event, not readily foreseeable, without fault of the parties.

This doctrine, as applied to the separation contract before us, would apply only if the purpose of supporting the chil-

dren ended, as by the death or emancipation of the children; this is to be distinguished from obligation, *viz.*, the husband's lack of ability or means to support his children. The purpose of the contract, *i.e.*, the support by the ex-husband of his children, still exists. We additionally hold that the return of the ex-husband's children by a prior marriage was foreseeable. This argument is rejected.

## II.

The ex-husband next contends that because the original separation agreement contained a provision that any modification had to be in writing, the oral contract to reduce the support payments to $450 per month is unenforceable. This argument has no merit. A written contract may be orally modified by the parties even if the writing itself prohibited oral modification. *Evatt v. Campbell*, 234 S. C. 1, 106 S. E. (2d) 447 (1959). 17A C.J.S. *Contracts* Section 377(c).

## III.

The ex-husband next contends there was no consideration for the oral contract. We reject this argument.

A release from a legal contract is sufficient consideration for a promise to furnish support. 73 Am. Jur. (2d), *Support of Persons*, Section 5. A valuable consideration may consist either in some right interest, profit or benefit accruing to the one party, or some forebearance, detriment, loss of responsibility given, suffered or undertaken by the other. *Furman University v. Waller, et al.*, 124 S. C. 68, 117 S. E. 356 (1923). In the case before us, the ex-husband benefitted by the oral contract and the ex-wife suffered a detriment. This argument is therefore rejected. The oral contract was an agreement between two competent persons to do a lawful act and it was based upon a lawful and recognized consideration. It is enforceable and we so hold.

For the foregoing reasons, the appealed order is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.