0498

J. J. LAWTER PLUMBING, Respondent, v. WEN CHOW INTERNATIONAL TRADE AND INVESTMENT, INC., Appellant.

(331 S. E. (2d) 789)

Court of Appeals

*Mario W. Schenkel,* of *Cox & Schenkel,* Spartanburg, *for appellant.*

*Richard W. Rhodes,* of *Burts, Turner, Hammett, Harrison & Rhodes,* Spartanburg, *for respondent.*

Heard March 18, 1985.

Decided June 11, 1985.

BELL, Judge:

J. J. Lawter Plumbing sued Wen Chow International Trade and Investment, Inc., for breach of an alleged oral contract for construction services. A jury returned a verdict in Lawter's favor for $4,758.60. Wen Chow appeals. We affirm.

In July 1980 Wen Chow engaged the services of Ed Padgett, a general contractor, to convert a health spa in Spartanburg County into a restaurant. Padgett in turn hired several subcontractors, including Lawter. Lawter's written agreement with Padgett called for payments of $4,670 for

plumbing work. Extra work subsequently done by Lawter brought the total contract price to $6,676.60.

Midway through the project Padgett encountered serious problems with both his physical and financial health. He was absent from the job site for some time, and either refused or was unable to pay Lawter and the other subcontractors. C. C. Cheng, Wen Chow's on site representative, supervised work on the restaurant in Padgett's absence. When most of the subcontractors, including Lawter, walked off the job in September, Cheng urged them to return and assured them they would be paid when the restaurant was completed.

The restaurant opened for business in November. Neither Padgett nor Wen Chow ever paid Lawter for finishing the plumbing work, although he apparently presented bills to both. Lawter filed suit against Padgett and Wen Chow in January 1981. His theory of recovery against Wen Chow was based upon an oral agreement between Cheng himself to complete the work described in Lawter's original contract with Padgett.

## I.

Lawter filed a voluntary dismissal of Padgett six days before trial. Padgett had not answered the complaint, nor had Wen Chow filed a cross claim against him. On appeal Wen Chow argues the dismissal was improper under Rule 45, Rules of Practice for the Circuit Courts of South Carolina. Alternatively, it contends Padgett was a necessary party, without whom Lawter's action against Wen Chow could not proceed.

## A.

Rule 45(1) provides in part:

> An action may be dismissed by the plaintiff without order of Court (a) by filing and serving a notice of dismissal at any time before service by the adverse party of an answer. . . .

> This rule (presently S. C. R.Civ.P. 41(a)(1)(i), effective July 1, 1985) is substantially identical to Federal Rule of Civil Procedure 41(a)(1)(i). The word "action" in

the federal rule has been interpreted to mean all of the claims against any one defendant, not necessarily all of the claims against all the defendants. *Terry v. Pearlman,* 42 F.R.D. 335, 3 A.L.R. Fed. 562 (D. Mass. 1967). Thus, a voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i) is effective against a defendant who has not answered, even though another defendant has. *Id.* While no South Carolina court has ruled on this precise issue, we find the *Terry* rationale to be persuasive. Since Padgett had not answered the complaint, his dismissal by notice was proper under Circuit Court Rule 45.

### B.

Wen Chow argues that Padgett was a necessary party without whom the action could not be tried. A necessary party is one whose rights must be ascertained and settled before the rights of the parties to the action can be determined. *Owens Steel Co. v. Tax Commission,* 281 S. C. 80, 313 S. E. (2d) 636 (Ct. App. 1984). If Lawter's dispute with Wen Chow can be completely adjudicated without joining Padgett, Padgett is not a necessary party.

This case was tried under the theory that Wen Chow breached its oral agreement with Lawter. The oral contract was separate and distinct from Lawter's agreement with Padgett or Padgett's contract with Wen Chow. Although Padgett may be liable to Wen Chow under the provisions of the contract between them, Padgett is not a necessary party to Lawter's action against Wen Chow. *See Tucker v. Craig,* 245 S. C. 94, 138 S. E. (2d) 838 (1964) (subcontractor not necessary party to owner's action for breach against general contractor).

### II.

Wen Chow contends the evidence was insufficient to establish either the terms of the alleged oral contract or any damages Lawter suffered because of its breach. Since this appeal is from a jury verdict, the evidence and any inferences to be drawn therefrom must be viewed in the light most favorable to Lawter. *Madden v. Cox,* _____ S. C. _____ , 328 S. E. (2d) 108 (Ct. App. 1985). Our review is limited to determining if there is any evidence which rea-

sonably tends to support the verdict. *Lites v. Taylor*, ____
S. C. ____, 326 S. E. (2d) 173 (Ct. App. 1985); *see Merrill,
Lynch, Pierce, Fenner & Smith, Inc. v. Bruce*, ____ S. C.
____, 325 S. E. (2d) 77 (Ct. App. 1985).

Viewed in the light most favorable to Lawter, the testimony establishes the following.

Lawter began work on the project in late August. Before any plumbing could be installed, concrete had to be cut from the floor. Although this work was not included in their original contract, Padgett agreed to pay Lawter to do it. Lawter charged Padgett about $2000 for this extra labor, and received two draws totalling $2000 after its completion. He then bought equipment to install in the restaurant, and requested additional money to cover these purchases. When Padgett refused to pay, Lawter walked off the job without doing any further work.

Both Lawter and his wife testified he quit working for Padgett because Padgett would not pay. Some time later, Cheng called Lawter at home and asked him to return to work. According to Lawter's testimony, Cheng promised to pay him if he would finish the plumbing work on the restaurant, and he returned to work in reliance on that promise. Cheng acknowledged the telephone call, but denied agreeing to pay Lawter except for certain extras which are not at issue.

From the evidence, the jury could conclude Cheng promised to pay Lawter the same amount as would be due under Lawter's contract with Padgett, if Lawter would finish the work called for in that contract. These terms, if agreed to, were sufficiently definite to constitute an enforceable bargain. Since the evidence regarding the making of the oral contract was susceptible of more than one inference, submission of the issue to the jury was proper. *Quality Concrete Products, Inc. v. Thomason*, 253 S. C. 579, 172 S. E. (2d) 297 (1970); *Benya v. Gamble*, 282 S. C. 624, 321 S. E. (2d) 57 (Ct. App. 1984).

Testimony concerning damages was likewise conflicting. The trial judge instructed the jury that, should Lawter prove the contract contended for, his recovery would be limited to materials furnished and labor performed after its making. In its answer Wen Chow admitted the total contract

price was $6,676.60. That Lawter received $2000 from Padgett is not disputed. Thus, the sole issue with regard to damages is whether there is any evidence from which the jury could infer the amount Padgett paid Lawter represented compensation for the work Lawter performed prior to his agreement with Cheng.

Padgett testified for Wen Chow. On direct examination he was asked about the $2000 draw paid to Lawter. He answered, "I figured that [$2000] was just for the work that had been done at that time...." Lawter testified that he left the job not long after receiving the draws.

From this evidence an inference can be drawn that Padgett paid Lawter only for work already performed. Although there is other testimony in the record that might support a contrary inference, resolution of evidentiary conflicts is the province of the jury, not an appellate court. When the evidence of damages is conflicting, the amount due under the contract is a question for the jury. *Quality Concrete Products, Inc. v. Thomason supra.*

### III.

Wen Chow's final exception urges error in the trial judge's refusal to grant judgment n.o.v. on the ground that recovery by Lawter, after Wen Chow paid Padgett the full contract price, violates Section 29-5-40, Code of Laws of South Carolina, 1976. That statute provides the aggregate amount of mechanics' liens claimed against the owner's property shall not exceed the contract price of the improvements. The instant case is not to foreclose a mechanic's lien, but to recover damages for breach of an oral contract to pay for services and materials. This exception is without merit.

For the foregoing reasons the judgment of the circuit court is Affirmed.

SANDERS, C. J., and SHAW, J., concur.