THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
General Heating and Air Conditioning Co. of Greenville, Inc.,       
Respondent,
 
 
 

v.

 
 
 
SMD Construction, LLC, and Robert L.
Scroggs, Jr.,        Appellants.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2005-UP-117
Submitted February 1, 2005  Filed February 
 16, 2005

AFFIRMED

 
 
 
William S. Brown, Peter G. Siachos, both of Greenville, for 
 Appellants.
David Weldon Gantt, of Greenville, for Respondent.
 
 
 

PER CURIAM:  This is an appeal from 
 a breach of contract action in which the circuit court, sitting nonjury, awarded 
 damages and entered judgment in favor of General Heating and Air Conditioning 
 Co. of Greenville, Inc.  We affirm.
FACTS
General and SMD Construction entered a contract 
 for work to be performed at a manufacturing facility in Georgia.  The first 
 contract was signed on February 22, 2000 and completed in May 2000.  General 
 was paid the full amount on this contract.  The parties entered a second contract 
 in June 2000.  The contract price was $227,541.  When General completed the 
 work in November 2000, it was due $49,028 under the contract.  
General brought suit against SMD and Robert L. 
 Scroggs, Jr., president of SMD, alleging SMD owed $49,028 on the contract, and 
 Scroggs personally guaranteed payment of the amount owed.  SMD filed a counterclaim 
 alleging breach of contract by General and denying Scroggs made a personal guaranty.  

John Algary, Vice President of General, testified 
 as to the amount owed by SMD for the work completed.  He also stated he met 
 with Scroggs regarding the amount owed, and Scroggs agreed to personally guarantee 
 the payment in exchange for Generals forbearance of filing a mechanics lien.  
 Algary further testified that SMD never lodged a complaint in connection with 
 the work performed by General under the second contract.  
Mark Clark, Generals treasurer, testified 
 he met with Scroggs regarding the outstanding payment.  Scroggs agreed to personally 
 guarantee the payment owed General in exchange for General not filing a mechanics 
 lien. According to Clark, Scroggs claimed that the filing of the lien would 
 prevent SMD from arranging funding for the money then due General under the 
 contract.
Robert Scroggs, President of SMD, testified there 
 were some problems with the work completed by General, but he was unsure of 
 the time frame, and he did not contact General regarding the problems.  He admitted 
 he never wrote General regarding the problem, and the problems were not mentioned 
 in any of the documents generated during the relevant time period.  Scroggs 
 acknowledged the weak financial situation of SMD and the need for additional 
 funding.  Scroggs denied that he personally guaranteed the payment of the remaining 
 balance due General, asserting instead that he was merely guaranteeing that 
 SMD would pay what was owed.  
Michael Bird, also with SMD, testified that he 
 was not satisfied with some of Generals work, although he acknowledged the 
 absence of correspondence to confirm his trial testimony.  
The trial court found General had established its 
 claims against SMD for breach of the underlying contract and Scroggs for his 
 personal guaranty for the amount owed.  The court found in favor of General 
 on SMDs counterclaims.  The court entered judgment in favor of General in the 
 amount of $49,028 plus interest.  This appeal followed.
STANDARD OF REVIEW
An action for breach of contract seeking money damages 
 is an action at law.  R & G Constr., Inc. v. Lowcountry Regl Transp. 
 Auth., 343 S.C. 424, 430, 540 S.E.2d 113, 117 (Ct. App. 2000).  In an action 
 at law, on appeal of a case tried without a jury, the findings of fact of the 
 judge will not be disturbed upon appeal unless found to be without evidence 
 which reasonably supports the judges findings.  Townes Assocs. v. City 
 of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). The judges 
 findings are equivalent to a jurys findings in a law action.  Id.
LAW/ANALYSIS

 
 SMD contends that General failed to meet a condition 
 precedent in the contract, specifically the provision concerning Generals duty 
 of satisfactory performance.  Scroggs maintains the court erred in finding 
 he personally guaranteed any amount owed by SMD.  We disagree, finding ample 
 evidence in the record to support the judgment of the able trial judge.
I.       Condition Precedent
The contract provided:  The Contractor 
 [SMD] agrees to pay the Subcontractor [General] for satisfactory performance 
 of the Contractors Work . . . .  A condition precedent entails something that 
 is essential to a right of action.  Worley v. Yarborough Ford, Inc., 
 317 S.C. 206, 210, 452 S.E.2d 622, 624 (Ct. App. 1994).   In contract law, 
 the term connotes any fact other than the lapse of time, which, unless excused, 
 must exist or occur before a duty of immediate performance arises.  Id.  
 We agree the satisfaction of SMD was a condition precedent to the payment of 
 the contract price, as such finding is not challenged on appeal and it represents 
 the law of this case.  Indeed, Algary, Generals vice president, admitted the 
 work had to meet SMDs satisfaction.
The fundamental fallacy in SMDs position is its 
 apparent contention that its trial testimonythat it was not satisfied with 
 Generals workis dispositive.  Our standard of review requires us to affirm 
 unless there is no evidence to support the trial judges findings. The court 
 found Generals work was satisfactorily completed, and the record supports such 
 finding.  For example, the testimony of Algary and Clark, deemed credible by 
 the fact finder, supports this finding.  The trial judge assigned weight to 
 the absence of credible evidence of SMDs purported dissatisfaction with Generals 
 work during the relevant time period prior to litigation, and we find no error 
 in this regard.  It was well within the province of the trial judge to view 
 the testimony offered by SMD as self-serving, especially in light of the complete 
 absence of documentation to support its position.  As there was evidence to 
 support the trial judges determination of SMDs satisfaction with the work 
 of General, and the corresponding finding that SMD owed the balance of the contract 
 price to General, we affirm the judgment for General on its breach of contract 
 claim against SMD.  
II.      Personal Guaranty

A.      Intent of Letters

Scroggs contends the letters he signed 
 were not evidence of a personal guaranty, but instead indicated his willingness 
 to assure payment by SMD.  We disagree and find evidence to support the trial 
 judges finding that Scroggs was personally liable to General for the remainder 
 of the contract price.
A guaranty of payment is an absolute 
 or unconditional promise to pay a particular debt if it is not paid by the debtor 
 at maturity.  Citizens & S. Nat. Bank of South Carolina v. Lanford, 
 313 S.C. 540, 543, 443 S.E.2d 549, 550 (1994).  Additionally, a contract signed 
 by an individual as an officer has been held to be the contract of the officer 
 where the contract contains a provision with respect to individual liability 
 of the signing officer.  Klutts Resort Realty, Inc. v. DownRound Dev. Corp., 
 268 S.C. 80, 87, 232 S.E.2d 20, 24 (1977) (citing 19 Am. Jur. 2d, Corporations 
 § 1343 (1965)).  A director, officer, or other agent, signing a promise or guaranty 
 in the proper form for an individual, is not relieved from personal liability 
 by the addition to his name of terms such as director, president or other designation.  
 Id. at 88, 232 S.E.2d at 24.  These terms are regarded merely as [d]escriptio 
 personae, that is, a term descriptive of the person rather than the relationship 
 in which he signs the agreement.  Id. 
General provided evidence of conversations with 
 Scroggs in December 2000 and January 2001 in which Scroggs offered his personal 
 guarantee of payment provided General forgo its right to file a mechanics 
 lien.  General accepted Scroggs offer.  These assurances by Scroggs were followed 
 by letters.  The March 2, 2001, letter sent by Scroggs included the following 
 language:  I would like to offer you my personal guarantee via this letter 
 for the money due.  It is signed by Robert L. Scroggs, Jr./President. Also, 
 the letter dated April 18, 2001, includes the following:  Please accept this 
 check and letter as my personal guarantee that all funds will be satisfied with 
 interest.  Again it is signed as Robert L. Scroggs, Jr./President. [1] 
We find, based on the evidence, including the language 
 used in the letters, the record supports the finding that Scroggs intended to 
 personally guarantee the debt of SMD to General.  While he signed the letters 
 as President, Scroggs explicitly stated it was a personal guarantee for 
 the debt.  Accordingly, we find no error in the trial judges determination 
 that Scroggs intended to personally guarantee the debt of SMD to General.

B.      Consideration

Scroggs also maintains the personal guaranty 
 was invalid because there was no consideration. We disagree.
A guaranty must be supported by sufficient legal 
 consideration, either a benefit to the principal obligor or guarantor on the 
 one hand, or some detriment to the obligee on the other.  Hope Petty Motors 
 of Columbia, Inc. v. Hyatt, 310 S.C. 171, 178, 425 S.E.2d 786, 791 (Ct. 
 App. 1992).  A mere promise to pay the debt of another without any consideration 
 for such promise is void.  Id.  Valuable consideration may consist 
 of some right, interest, profit or benefit accruing to one party or some forbearance, 
 detriment, loss or responsibility given, suffered or undertaken by the other. 
 McPeters v. Yeargin Constr. Co., 290 S.C. 327, 331, 350 S.E.2d 208, 211 
 (Ct. App. 1986).  
In the instant case, Clark testified General agreed 
 to forego the filing of a mechanics lien in exchange for the personal guarantee 
 by Scroggs.  Clark testified the conversation occurred in January 2001.  Additionally, 
 Algary testified conversations regarding payment began as early as December 
 2000.  The forbearance from filing the mechanics lien by General was sufficient 
 consideration to support the personal guaranty from Scroggs.
There also exists some dispute as to whether the 
 timing of the alleged conversations and the written personal guaranty support 
 a finding that the forbearance from filing the mechanics lien was sufficient 
 consideration.  The case was tried on the premise that the mechanics lien was 
 required to be filedpursuant to South Carolina lawwithin ninety days of the 
 completion of the project.  See S.C. Code Ann. § 29-5-90 (Supp. 2004). [2]    The work on the project was completed in 
 late November 2000 according to all involved.  Therefore, the mechanics lien 
 would need to have been filed no later than the latter part of February 2001 
 or the beginning of March.  The first letter is dated March 2, 2001.  The subsequent 
 letter is clearly beyond the time for filing a mechanics lien as it is dated 
 April 18, 2001.
However, the testimony by Clark and Algary indicated 
 the agreement to provide the guaranty in exchange for forgoing their right to 
 file a mechanics lien occurred in December 2000 or January 2001.  The acknowledgment 
 and ratification of the agreement occurred in the letters, which may be after 
 the filing date, but the actual agreement occurred within the time for filing 
 the lien.  Thus, there is some evidence to support the trial judges conclusion 
 that the agreement not to file a mechanics lien was sufficient and valuable 
 consideration to support the personal guaranty from Scroggs.
CONCLUSION
The judgment of the circuit court is 
AFFIRMED.
HEARN, C.J., KITTREDGE and WILLIAMS, 
 JJ., concur.

 
 
 [1]        There is some discussion in the briefs regarding whether the 
 letters met the Statute of Frauds.  However, this issue was never raised to 
 the trial court and never ruled upon by the court.  Accordingly, it is not 
 preserved for our review on appeal.  See Wilder Corp. v. Wilke, 
 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue 
 cannot be raised for the first time on appeal, but must have been raised to 
 and ruled upon by the trial judge to be preserved for appellate review).

 
 
 [2]        We accept as the law of this case the applicability of the 
 South Carolina mechanics lien statute, section 29-5-90, in terms of computing 
 the time period for the filing of a lien.