THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John Ingle, d/b/a Ingle & Company, Respondent,
 
 
 

v.

 
 
 
 Ken Kuszmaul, Environmental Specialties, Inc., Indiana Lumbermen’s Mutual Insurance Co., Spartanburg Sanitary Sewer District, Spartanburg Water System and Spartanburg Metropolitan District, Defendants, 
 of whom Ken Kuszmaul and Environmental Specialties, Inc., are, Appellants.
 
 
 

Appeal From Spartanburg County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2005-UP-393
Submitted May 1, 2005  Filed June 15, 2005

AFFIRMED IN PART AND REVERSED IN PART

 
 
 
 Adam Fisher, Jr., of Greenville, for Appellants.  
 Charles Preston Edwards, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  John Ingle sued Environmental Specialties, Inc. (ESI) and Ken Kuszmaul alleging breach of contract.  After a bench trial, the trial court awarded Ingle $56,471 on the contract and $16,805.76 in attorneys fees and costs.  ESI and Kuszmaul appeal.  We affirm in part and reverse in part.[1]
FACTS
ESI contracted to build a project for Spartanburg Sanitary Sewer District.  This contract required ESI to obtain a payment bond.  ESI obtained the bond from Indiana Lumbermens Mutual Insurance Co.  
Kuszmaul, on behalf of ESI, contacted John Ingle about performing subcontract work on the project.  Ingle and ESI entered into an oral agreement under which Ingle agreed to construct a pre-engineered building, including laying the foundation and installing yard pipe to the building.  
ESI, Kuszmaul, and Ingle later disagreed on the amount ESI contracted to pay Ingle for his work.  Ingle filed a mechanics lien on the sewer districts property seeking payment of $56,471 plus costs and attorneys fees.  Ingle then filed a complaint and lis pendens seeking to foreclose on the mechanics lien or, in the alternative, seeking payment pursuant to the payment bond.  The trial court issued a consent order pursuant to the parties agreement to dismiss the mechanics lien and lis pendens, in exchange for the sewer districts deposit of approximately $75,000 into escrow pending resolution of the parties dispute.  
Ingle filed an amended complaint against Kuszmaul, ESI, and Lumbermens alleging ESI owed him $56,471 for work performed.  Ingle also sought incidental and consequential damages and attorneys fees and costs.  
ESI, Kuszmaul, and Lumbermens answered Ingles complaint, denying all material allegations and asserting counterclaims including:  (1) breach of contract; (2) breach of warranty; (3) negligence; and (4) quantum meruit.  Kuszmaul and ESI claimed Ingles work contained numerous defects, and was not performed in a timely manner.  Kuszmaul and ESI alleged they suffered actual, consequential, and special damages because Ingles performance damaged their relationship with the sewer district.  In addition, Kuszmaul and ESI claimed damages as a result of performing or hiring other subcontractors to perform work Ingle did not complete.  Kuszmaul and ESI also alleged that due to the absence of a statutory or contractual provision permitting the award of attorneys fees, Ingle was not entitled to fees.  
The trial court found the parties entered into a contract entitling Ingle to receive $72,000 for his services.  The court thus awarded Ingle $56,471, the unpaid balance due under the contract,[2] and $16,805.76 in attorneys fees and costs.  In addition, the trial court found for Ingle on all counterclaims and set-offs.  
STANDARD OF REVIEW
An action for breach of contract is an action at law.  Sherman v. W & B Enters., Inc., 357 S.C. 243, 247, 592 S.E.2d 307, 309 (Ct. App. 2003).  In an action at law, tried without a jury, our jurisdiction extends only to the correction of errors of law.  Kemp v. Rawlings, 358 S.C. 28, 34, 594 S.E.2d 845, 848 (2004).  Therefore, we will not disturb the trial courts findings of fact unless they are wholly unsupported by the evidence.  Id. 
LAW/ANALYSIS
I.  Breach of Contract 
ESI and Kuszmaul (hereinafter referred to collectively as ESI) argue the trial court erred in finding Ingle did not breach the contract and in finding ESI breached the contract.  ESI asserts the parties agreed to a contract price of $47,000, rather than $72,000, and ESI did not breach the contract by failing to pay Ingle the additional $56,471.  In addition, ESI claims Ingle failed to perform under the terms of the contract.  We disagree.
We find evidence existed to support the trial courts findings of a contract price of $72,000 and ESIs breach of the contract.  The amount due under a contract is for the fact finder.  J.J. Lawter Plumbing v. Wen Chow Intl Trade & Inv., Inc., 286 S.C. 49, 55, 331 S.E.2d 789, 792 (Ct. App. 1985).  The failure to make payment as provided in a contract constitutes a substantial breach of the contract.  Zemp Constr. Co. v. Harmon Bros. Constr. Co., 225 S.C. 361, 366, 82 S.E.2d 531, 533 (1954).  
Ingle testified he sent a fax outlining the work he proposed to do on the project.  Ingle stated that after he sent the fax, he and Kuszmaul had a conversation concerning the cost of Ingles work.  Ingle maintained he quoted Kuszmaul a price of $72,000 for the work and Kuszmaul agreed to the price.  Kuszmaul admitted he did not pay at least two of the invoices he received from Ingle.  There is evidence to support the trial courts findings of the contract price and ESIs breach of contract. 
In addition, we find evidence to support the trial courts finding that Ingle did not breach the contract.  ESI asserts Ingle breached the contract by failing to complete the work he contracted to perform.  One who prevents a condition of a contract cannot rely on the other partys resulting nonperformance in an action for breach of contract.  Champion v. Whaley, 280 S.C. 116, 120, 311 S.E.2d 404, 406 (Ct. App. 1984).  Ingle admitted he did not install a base plate in the bottom of the sledge tank and the chlorine chamber, as the parties agreed.  However, Ingle asserted he could not perform this task because, although he had repeatedly requested the tank be dewatered, he was never able to enter the chlorine contact chamber due to water in the tank.  Ingle testified this task would have taken about two hours.  Other than this item, Ingle contends ESI did not perform any other task on his behalf.  Thus, we find evidence existed to support the trial courts determination that Ingle fulfilled his obligations under the agreement, and therefore did not breach that agreement.  
II.  Set-Off
ESI argues the trial court erred in denying its request to set off amounts owed to Ingle for labor and materials it supplied to complete Ingles work and the cost of supplies provided to Ingle.  We find no error.
In a situation where a plaintiff supposedly owes a defendant monies, but nevertheless brings a suit in contract against the defendant, the proper defense to the action is a counterclaim or a set-off.  Carolina Mech. Contractors, Inc. v. Yeargin Constr. Co., 261 S.C. 1, 12, 198 S.E.2d 224, 230 (1973).  A party claiming a set-off has the burden of establishing the amount of the alleged set-off with reasonable certainty.  Diamond Swimming Pool Co. v. Broome, 252 S.C. 379, 386, 166 S.E.2d 308, 312 (1969).  
Ingle testified that ESI was not required to perform any work on behalf of Ingle except for the installation of the base plate in the chlorine chamber, which Ingle was prevented from completing.  In addition, Eric Ingle, Ingles son who worked on the project, testified the work performed on the job site by ESI related to ESIs performance under its contract with the sewer district, and not work Ingle agreed to perform.  Thus, we find evidence in the record to support the trial courts decision to deny ESIs claims for set-off.  
III.  Attorneys Fees
ESI argues the trial court erred in awarding attorneys fees to Ingle.  Specifically, ESI contends this award was not supported by a term of the contract or a statutory provision providing for attorneys fees, and thus, the trial court abused its discretion in making the award.  We agree.  
Generally, attorney fees are not recoverable unless authorized by contract or statute.  Seckinger v. The Vessel, Excalibur, 326 S.C. 382, 386, 483 S.E.2d 775, 777 (Ct. App. 1997).  The trial court awarded attorneys fees based on the mechanics lien Ingle filed.  Section 29-5-20 of the South Carolina Code (Supp. 2004), governing mechanics liens, allows the trial court, in its discretion, to award the prevailing party reasonable attorneys fees.  However, the parties consented to dismiss the action to foreclose on Ingles mechanics lien, and the trial court ordered dismissal.  Thus, we find no entitlement to attorneys fees under the mechanics lien statute.
Ingle asserts even if attorneys fees are not available under the mechanics lien statute, sections 29-5-440 and 11-1-120 of the South Carolina Code (Supp. 2004), providing a claimant the right to sue on a payment bond, entitle him to attorneys fees.  We disagree.  These sections are part of the mechanics lien statutory scheme and permit a direct action on the payment bond against the bonding company (section 29-5-440) and explain the procedure for such a suit (section 11-1-120).  S.C. Code Ann. § 11-1-120 (Supp. 2004); S.C. Code Ann. § 29-5-440 (Supp. 2004).  A statute allowing attorney fees is in derogation of the common law and must be strictly construed.  Belton v. State, 339 S.C. 71, 74, 529 S.E.2d 4, 5 (2000).  Sections 29-5-440 and 11-1-120 do not specifically provide for payment of attorneys fees.  Therefore, based on our strict construction of these statutes, we decline to read such a provision into the language of the statute.  In addition, the payment bond itself does not provide for the payment of attorneys fees.  Accordingly, Ingle cannot recover attorneys fees based on his action for payment under the payment bond.  
Finally, the parties do not allege their oral agreement authorized the award of attorneys fees in the case of litigation pertaining to the contract.  Therefore, we find the trial court abused its discretion in awarding Ingle attorneys fees.  
CONCLUSION
For the foregoing reasons, the trial courts order is 
AFFIRMED IN PART AND REVERSED IN PART. 
ANDERSON, STILWELL, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Inclusive of change order charges and previous partial payments.