McCann, John S., J.
The parties are represented by the following counsel: Gregg P. Lisciotti - Douglas Q. *480 Meystre, Esq.; Nunzio J. Lattanzio, Tanzio Realty Corp., and JEN - F. Joseph Gentili, Esq. and Theresa K. Capobianco, Esq.; Elizabeth Ann DiGeronimo and Agnes E. Kull as Executrix and/or Trustee and Individually - Richard C. Van Nostrand, Esq.; Susan Mielnikowski Trustee of TRN Really Trust, Robert E. Hakala and TRN Realty Trust - David P. Bodanza, Esq.
The third-party defendant, Susan A. Mielnikowski (“Mielnikowski”) as trustee to TRN Realty Trust (“TRN”) moves the court to strike the voluntary dismissal filed pursuant to Mass.R.Civ.P. 41(a)(1) by third-party plaintiff, Nunzio J. Lattanzio (“Lattanzio”). Mielnikowski asserts that because Lattanzio requested Mielnikowski’s motion to dismiss to be treated as a motion for summary judgment, it precludes Lattanzio from voluntarily dismissing its claim. For the reasons set forth below, it is the opinion of the court that Mielnikowski filed a motion to dismiss, not an answer or a motion for summary judgment, and therefore, under Mass.R.Civ.P. 41(a)(1) Lattanzio has an absolute right to dismiss the claim. Accordingly, Mielnikowski’s motion to strike Lattanzio’s voluntary dismissal will be DENIED.

BACKGROUND

In an ongoing lawsuit, Mielnikowski served a motion to dismiss Lattanzio’s third-party complaint pursuant to Mass.R.Civ.P. 12(b)(6) on May 26, 2005. Attached to the motion to dismiss were four exhibits, three of which were not part of the original pleadings in the case. Lattanzio requested and was granted a stay of determination of Mielnikowski’s dispositive motion until further discovery of a particular issue. Between the time the stay was granted and the deadline for filing the opposition to the motion to dismiss, Lattanzio filed a Voluntary Dismissal for Count I of the Third-party Complaint against Mielnikowski pursuant to Mass.R.Civ.P. 41(a).
Subsequently, Lattanzio served his opposition to Mielnikowski’s motion to dismiss on November 11, 2005. Lattanzio’s response brought in matters outside the pleading and requested that Mielnikowski’s motion to dismiss be treated as a motion for summary judgment pursuant to Mass.R.Civ.P. 12(b).

DISCUSSION

Mielnikowski argues that since a motion for summary judgment was pending prior to November 11, 2005, Lattanzio is not entitled to file a notice of voluntary dismissal. Lattanzio contends that Mielnikowski served a motion to dismiss, not a motion for summary judgment and, therefore, Lattanzio is entitled to file a voluntary dismissal.
Mass.R.Civ.P. 41(a)(1) allows dismissal “without order of court... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . Unless otherwise stated . . . the dismissal is without prejudice . . .” When no answer or motion for summary judgment has been served, the plaintiff has “an absolute right to dismiss that party without prejudice.” Flynn v. Church of Scientology of Calfornia, Inc., 19 Mass.App.Ct. 59, 64 (1984). Mass.R.Civ.P. 41(a) alters prior Massachusetts practice, which allowed a plaintiff to dismiss an action at law or of right at any time before trial. Mass.R.Civ.P. 41 (a), Reporter’s Notes — 1973 (citing Marsch v. Southern New England R. Corp., 235 Mass. 304, 307 (1920)). Filing a motion to dismiss does not preclude a plaintiff from voluntarily dismissing an action. U.S. v. U.S. Trust Co., 106 F.R.D. 474, 477 (D.Mass. 1985) (“A motion to dismiss does not raise the merits of a case, unlike an answer or a motion for summary judgment”).
Ifaparty moves to dismiss pursuantto Rule 12(b)(6) and “matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . .” Mass.R.Civ.P. Rule 12(b). “The category of ‘matters outside the pleading’ is broad, but even when construed broadly, such matters must provide some relevant, factual information on the court.” Orion Ins. Co. PLC v. Shenker, 12 Mass.App.Ct. 754, 757 (1987) (quoting Stop & Shop Cos. v. Fisher, 387 Mass. 889, 892 (1983)).
In Terry v. Pearlman, 42 F.R.D. 335 (D.Mass 1967), although an affidavit was attached, a motion to dismiss was not treated as a motion for summary judgment because “the affidavit presented no material facts that [were] not alleged explicitly or by necessary inference in the verified complaint or that conflict[ed] in any way with the facts alleged in the complaint.” Id. at 337. The court found that the filing of the motion to dismiss presented no bar to the effectiveness of the notice of dismissal.
The documents attached to Mielnikowski’s motion to dismiss were (1) an indemnity/release agreement, which was part of prior pleadings on file with the Court, (2) an affidavit of Mielnikowski, assenting to becoming the trustee of TRN, (3) a trust declaration and (4) Mielnikowski’s resignation as trustee of TRN, which were documents recorded at the Registry of Deeds. There has been no determination by the court on whether the documents attached to Mielnikowski’s motion to dismiss will be disregarded or that such documents will be accepted and thus converted to a motion for summary judgment. A motion for summary judgment was not pending at the time Lattanzio voluntarily dismissed a claim against Mielnikowski. Mielnikowski filed a motion to dismiss, not an answer or a motion for summary judgment. Hence, pursuant to Mass.R.Civ.P. 41(a), Lattanzio has a right to voluntarily dismiss Count I of the third-party complaint.

ORDER

For the foregoing reasons, it is hereby ORDERED that Mielnikowski’s Motion to Strike Voluntary Dismissal is DENIED.