JAHM vs. MALL AT LIBERTY TREE, LLC., 101 Mass. App. Ct. 901

 
 RASHID JAHM vs. MALL AT LIBERTY TREE, LLC.

101 Mass. App. Ct. 901
 July 13, 2022

 

No. 21-P-642.

Practice, Civil, Dismissal of appeal. Rules of Appellate Procedure.

 The plaintiff appeals from a Superior Court "judgment," that ordered his initial notice of appeal dismissed. The apparent basis for dismissing the appeal was that the plaintiff had voluntarily dismissed his underlying negligence claim midtrial, and that because the dismissal was voluntary, the dismissal was not appealable. However, the Massachusetts Rules of Appellate Procedure provide for a trial court to dismiss an appeal only on specific, procedural grounds; as we observed in Rudders v. Building Comm'r of Barnstable, 51 Mass. App. Ct. 108, 110-111 (2001), those rules do not provide for a trial court judge to dismiss an appeal because, in the judge's view, the appeal is without merit. The judge therefore erred by dismissing the appeal, and we vacate the judgment dismissing the appeal and remand for further proceedings consistent with this opinion.

 Background. In May 2018, the plaintiff represented himself during a three-day trial on his negligence claim in a slip-and-fall case against the defendant. After the close of evidence and during the charge conference, the judge informed the parties that he would not "allow the jury to consider any claim of causally related injuries of a . . . neurological, cognitive impairment sort," because there had been no expert medical testimony on the subject, and the plaintiff's own testimony indicated that he had prior head injuries and memory issues. The plaintiff objected and argued that the judge's earlier evidentiary rulings had precluded him from presenting evidence of causally related cognitive impairment. The judge overruled the objection.

 After some discussion, the plaintiff then told the judge, "I'll just . . . end my case right here . . . instead of going forward." The judge expressed his view that the plaintiff should continue, and reminded the plaintiff that he had "the right and the opportunity to argue to the jury, based on the evidence that's been presented . . . and to ask the jury to award damages." The plaintiff responded that he still wanted to end his case, causing the judge to caution the plaintiff that the case would be dismissed with prejudice and that the plaintiff might be waiving his appellate rights. Ultimately, the judge issued a final judgment dismissing the case with prejudice. The judge stated that "the plaintiff . . . elected to proceed no further with his case and to voluntarily dismiss his claims with prejudice after the close of the evidence during the charge conference which immediately preceded closing arguments."

 The plaintiff filed a notice of appeal on June 11, 2018 (first notice of appeal). The defendant moved to dismiss the appeal, on the ground that the plaintiff could not appeal from a voluntary dismissal. A different Superior Court judge (motion judge) issued a judgment dismissing the appeal in September 2018. 

 Page 902 

 On October 2, 2018, the plaintiff appealed from the judgment dismissing the appeal (second notice of appeal). In response, the defendant filed another motion to dismiss. In December 2018, the trial judge held a hearing on the motion and told the plaintiff that "this notice of appeal and any other notices . . . and . . . motions that you may continue to file have no legal standing in the aftermath of the dismissal of this case with prejudice." The plaintiff responded that he had a due process right to appellate review. Following the hearing, the trial judge issued an order striking the second notice of appeal (order to strike).

 The plaintiff then sought review of the order to strike pursuant to G. L. c. 211, § 3. The Supreme Judicial Court vacated the order to strike and directed the Superior Court to process the second notice of appeal. Jahm v. Mall at Liberty Tree, LLC, 487 Mass. 1009, 1010 (2021). The court's rescript opinion noted that the plaintiff "had an absolute right to appeal from the judge's order striking his first notice of appeal." Id. The second notice of appeal is now before us, and we consider whether the judge erred by dismissing the initial notice of appeal.

 Discussion. Under the rules of appellate procedure, a "lower court" judge may dismiss an appeal for specific procedural deficiencies, in particular (1) failure to pay timely docketing fees pursuant to Mass. R. A. P. 10 (a) (1), or (2) failure to seek transcripts in a timely manner pursuant to Mass. R. A. P. 9 (d), each upon a finding of the appellant's inexcusable neglect. See Mass. R. A. P. 10 (c) (cited rules as appearing in 481 Mass. 1615 , 1618 [2019]). Neither of those procedural deficiencies is present here, however. Rather, the judgment dismissing the appeal amounted to a decision that the plaintiff had no appellate rights due to the voluntary dismissal of his claim.

 The rules of appellate procedure do not provide for a trial court to dismiss an appeal on such a basis. Rather, "[q]uestions going to the merits of the claimed appeal are for the appellate court to decide." Rudders, 51 Mass. App. Ct. at 111. By statute, any "party aggrieved by a final judgment of the superior court . . . may appeal therefrom to the appeals court." G. L. c. 231, § 113. Here, the trial judge had issued a final judgment dismissing the plaintiff's claim with prejudice. Although one may well question whether the plaintiff can be considered "aggrieved" where he voluntarily dismissed his claim, [Note 1] the trial court judge does not have the authority to make that determination. [Note 2]

 We find Rudders, 51 Mass. App. Ct. 108, instructive on this point. There, a local highway committee requested and received a stop work order from the local building commissioner. Id. at 109. The plaintiffs challenged the stop work order, suing both the highway committee and the building commissioner. A Superior Court judge declined to grant the plaintiffs injunctive relief, but the judge did "revoke[]" the stop work order. Id. at 109-110. The highway committee filed a notice of appeal, but the Superior Court judge struck the appeal, reasoning that the highway committee was not an "aggrieved" party. Id. at 110. We held that "there is no basis for annulling a notice of appeal filed by a party 

 Page 903 

to the action for the reason that, in the lower court's view, the appeal would be without merit, whether for the appellant's lack of aggrievement, or for any other ground of substance." Id. at 110-111. Here, the motion judge similarly exceeded her authority by dismissing the appeal based on the argument that the appeal was without merit, and therefore abused her discretion. [Note 3]

 We vacate the judgment dismissing the plaintiff's first notice of appeal, [Note 4] and remand the matter to the Superior Court to process the first notice of appeal.

 So ordered.

Rashid Jahm, pro se.

Gino Spinelli for the defendant.

FOOTNOTES
[Note 1] We express no opinion as to whether the plaintiff has appellate rights after voluntarily dismissing his claim, as this appeal is "limited to the question whether the judge erred in striking the first notice of appeal." Jahm, 487 Mass. at 1010 n.1. 

[Note 2] The defendant cites no Massachusetts authority to the contrary. The decisions from Federal courts cited by the defendant are inapposite for several reasons, not least of which is that in those cases it was an appellate court, not the trial court, that determined the appeal must be dismissed. See Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1711-1712 (2017); Keena v. Groupon, Inc., 886 F.3d 360, 362 (4th Cir. 2018). 

[Note 3] Given our disposition, we need not address the remaining arguments in the plaintiff's brief. 

[Note 4] For the avoidance of doubt, we also vacate the portion of the judgment dismissing the first notice of appeal in which the judge awarded "costs and reasonable attorney's fees" to the defendant. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.