NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-760

RASHID JAHM

vs.

MALL AT LIBERTY TREE, LLC, & another.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After the close of evidence at a jury trial on his personal injury claim, the plaintiff, Rashid Jahm, told the judge that he did not want to proceed with closing arguments or let the case go to a verdict.  Following a lengthy discussion, the judge entered a judgment of dismissal stating that "the plaintiff ha[d] elected to proceed no further with his case and to voluntarily dismiss his claims with prejudice."  The plaintiff appeals, arguing that justice was not done when his complaint was dismissed with prejudice.  Because the judge did not abuse his discretion in dismissing the complaint with prejudice, and because the plaintiff has not established on appeal that he was entitled to any other relief, we affirm.

Background.  The plaintiff brought this personal injury action alleging that he was injured when he slipped and fell at a shopping mall owned and operated by the defendant Mall at Liberty Tree, LLC (Liberty Tree Mall).  Over the course of three days in May 2018, the plaintiff represented himself at a jury trial in Superior Court.  After the plaintiff rested, the judge denied the defendant's motion for a directed verdict.[1]

During the charge conference, the judge informed the plaintiff that because the jury had not heard evidence to show that the plaintiff's fall on the defendant's property had caused concussion or brain trauma injuries, he would instruct the jury that they could not award damages on that basis, and the plaintiff could not argue that theory in closing.  After discussion of a certain photograph that the plaintiff said he "just forgot" to introduce in evidence, the plaintiff stated, "I . . . will end my case right here, . . . instead of going forward."  The plaintiff told the judge that if he were not permitted to argue in closing that the defendant's negligence caused his neurological impairment, he would be "hold[ing] back the truth."  The judge explained that the plaintiff could argue based on the evidence that he fell and hit his head on the

_____

[1] The judge later commented that he had intended also to deny any directed verdict motion by the defendant at the close of evidence.

2

defendant's property and experienced pain afterwards, but was not permitted to argue for damages related to any brain trauma. The judge urged the plaintiff not to end his case, explaining that if the plaintiff proceeded to a verdict that was unfavorable, "you can appeal any ruling that I've made that you think that I've gotten wrong." The judge told the plaintiff that if he continued to a jury verdict, his appellate rights would be fully preserved, but warned that if he chose to end the trial "there's a substantial likelihood that . . . your appellate rights may be waived because of the manner in which you're ending this case."

Asked for his position on the matter, the defendant's counsel argued that if the plaintiff was seeking "to voluntarily dismiss the case, I would . . . request it has to be with prejudice." The judge stated, "this is essentially a request by [the plaintiff] at this stage to dismiss the case. And I would only dismiss the case with prejudice. We're about to go to closing arguments." The plaintiff replied that he understood the judge's explanation that the claim would "go away forever," but stated that the word "voluntary" used by defendant's counsel is "the wrong word to use."

The judge then engaged in a lengthy discussion with the plaintiff, during which the judge mentioned two possible grounds for appeal that the plaintiff might raise: the exclusion of a

3

certain neurological report, and the judge's ruling that the plaintiff could not argue that he sustained any neurological impairment caused by his fall at the defendant's mall. The judge repeatedly told the plaintiff that the case would be dismissed with prejudice and explained that he "can never bring this claim again against Liberty Tree Mall." The plaintiff insisted repeatedly that he wanted to end his case. The judge commented that the case was in a "very unusual procedural posture" because the plaintiff "ha[d] vigorously pursued this claim for a number of years, right up to the point where we are about to go to closing arguments with our [thirteen] jurors who are seated downstairs." The judge concluded that the plaintiff's refusal to continue with trial at that stage was "a variety of a dismissal for want of prosecution." After warning the plaintiff that he would discharge the jury and enter a final judgment dismissing the case with prejudice and giving the plaintiff "one last opportunity" to reconsider and "proceed to closing argument and verdict," which the defendant declined, the judge entered a judgment on May 14, 2018, dismissing the case with prejudice.

On June 11, 2018, the plaintiff filed a notice of appeal from the judgment. The defendant moved to dismiss that appeal, which another Superior Court judge (motion judge) allowed in a judgment dated September 14, 2018. The plaintiff filed another

4

notice of appeal (second notice of appeal) from that judgment. The defendant moved to dismiss that appeal, which the trial judge allowed, striking the second notice of appeal.

The plaintiff sought relief pursuant to G. L. c. 211, § 3, from the Supreme Judicial Court, which vacated the order striking the second notice of appeal. Jahm v. Mall at Liberty Tree, LLC, 487 Mass. 1009, 1010 (2021) (Jahm I). The Supreme Judicial Court noted that the plaintiff's appeal "will of course be limited to the question whether the [motion] judge erred in striking the first notice of appeal." Id. at 1010 n.1.

On appeal from the dismissal of his initial notice of appeal, this court concluded that the motion judge had abused her discretion, and vacated the Superior Court order dismissing the appeal from the May 14, 2018 judgment. Jahm v. Mall at Liberty Tree, LLC, 101 Mass. App. Ct. 901, 903 (2022) (Jahm II). This court noted that it did not reach the question whether the plaintiff's voluntary dismissal of his complaint during trial resulted in a waiver of his appellate rights. Id. at 902 & n.1.

Now before us is the plaintiff's appeal from the May 14, 2018 judgment dismissing his complaint with prejudice.[2]

---

[2] More than six months after entry of the judgment dismissing the complaint, the plaintiff moved for a mistrial, which the trial judge denied. The plaintiff did not file a notice of appeal from that denial. In his brief, the plaintiff mentions the denial of his motion for a mistrial, but has not provided us with a copy of the motion and does not argue that the denial was

5

     Discussion. 1. Dismissal of appeal from judgment and
striking of second notice of appeal. As best we can discern,
the plaintiff argues that the motion judge erred in dismissing
the appeal from the judgment, and the trial judge erred in
striking the second notice of appeal. We agree. Indeed, the
Supreme Judicial Court and this court have already resolved
those issues in the plaintiff's favor. See Jahm I, 487 Mass. at
1010; Jahm II, 101 Mass. App. Ct. at 902-903.

     2. Waiver of appellate rights. As mentioned above, in
Jahm II, this court did not reach the question whether the
plaintiff waived his appellate rights by voluntarily dismissing
his complaint during trial. Jahm II, 101 Mass. App. Ct. at 902
& n.1. The plaintiff does not argue that issue, but we
nonetheless address it because it is dispositive of his claims
on appeal.

     Before dismissing the plaintiff's complaint, the judge
cautioned that there was "a substantial likelihood that . . .
your appellate rights may be waived because of the manner in
which you're ending this case." Nonetheless, the plaintiff
insisted he would not continue participating in the trial, would
not make a closing argument, and would not submit the case to

_____

error. In these circumstances, we "need not pass upon" that
issue. Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass.
1628 (2019).

6

the jury. In those circumstances, the plaintiff has not preserved for appellate review any issues about the judge's evidentiary rulings or his ruling that the plaintiff could not argue to the jury that the plaintiff had sustained neurological injuries as a result of the defendant's negligence. See Mass. R. Civ. P. 46, 365 Mass. 811 (1974). See also Ciccarelli v. School Dep't of Lowell, 70 Mass. App. Ct. 787, 799 (2007) (issue not preserved for appeal where party failed to "lodge a specific objection on the record" at trial). Even if we did consider the issues that the plaintiff raises on appeal from the judgment dismissing his complaint, we would conclude that they are meritless for the reasons stated below.

3. Appeal from judgment dismissing complaint. The plaintiff argues that justice was not done when his complaint was dismissed with prejudice. Although we hold that he waived this and other issues he raises on appeal, even if he had not waived them, he would not be entitled to relief on appeal.

Rule 41 of the Massachusetts Rules of Civil Procedure states: "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is

without prejudice."[3]  Mass. R. Civ. P. 41 (a) (2), 365 Mass. 803 (1974).  See Evans v. Lorillard Tobacco Co., 465 Mass. 411, 462-463 & n.23 (2013).  See also Morgan v. Evans, 39 Mass. App. Ct. 465, 470 (1995).  Because the plaintiff moved for dismissal, we review the judge's allowance of that motion for an abuse of discretion.  See Ankiewicz v. Kinder, 408 Mass. 792, 795 (1990), citing Flynn v. Church of Scientology of Cal., Inc., 19 Mass. App. Ct. 59, 65-66 (1984).  An abuse of discretion is "a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

In contrast to the facts of Flynn, 19 Mass. App. Ct. at 63, 66, before ruling on the plaintiff's oral motion to dismiss, the judge gave the plaintiff multiple opportunities to withdraw his motion, warning him repeatedly that the consequence would be dismissal with prejudice and would likely result in forfeiture of his appellate rights.  Cf. Quest Sys., Inc. v. Zepp, 28 Mass. App. Ct. 489, 497 (1990) ("if a court proposes to fasten

---

[3] In circumstances not present here, such as those involving the dismissal of a counterclaim, cross claim, or third-party claim, parties could enter a written stipulation of dismissal pursuant to Mass. R. Civ. P. 41(a)(1), but that must occur "before the introduction of evidence at the trial," Mass. R. Civ. P. 41(c), 365 Mass. 803 (1974).  See Evans v. Lorillard Tobacco Co., 465 Mass. 411, 463 n.23 (2013).

8

conditions on dismissal that the plaintiff finds too onerous, the plaintiff need not accept them and is entitled to go forward with his case"). Even so, the plaintiff chose dismissal with prejudice.

In dismissing the complaint during trial, the judge did what the plaintiff asked him to do. On appeal, the plaintiff does not state what the judge should have done differently. He does not argue that the judge should have denied his motion to dismiss the case during trial, and instead declared a mistrial. Nor does he state what remedy he seeks from this court. He does not argue, for example, that we should order a new trial. Even if the plaintiff had valid claims that he could have pursued to a jury verdict, it would be "improper" for an appellate court simply to enter judgment in the plaintiff's favor on those claims. Jahm I, 487 Mass. at 1010. In these circumstances, we cannot discern how the judge could be said to have abused his discretion in granting the plaintiff's oral motion to dismiss his complaint when faced with the plaintiff's insistence that he would not go forward.

Moreover, by failing to comply with Rule 16(a), the plaintiff has not provided us with a factual record or citation to legal authority that would allow us to conclude that the judge's ruling to dismiss the complaint was wrong. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019)

9

(appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies"). "The fact that the plaintiff represents himself does not excuse his noncompliance with procedural rules."[4] Brossard v. West Roxbury Div. of Dist. Court Dept., 417 Mass. 183, 184 (1994).

The plaintiff's brief states that "my ne[u]ro[logical] report was not allowed for jury to consider in exhibit," and that the trial judge "did not want [me] to say anything about my concussion . . . in my closing statement." But the plaintiff does not state that those rulings were legally incorrect or explain how the judge erred.[5] Thus those statements do not suffice as appellate argument. See Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority," do not rise to level of appellate argument); Donovan v. Gardner, 50 Mass. App. Ct. 595, 602 (2000) (conclusory statements in brief do not rise to level of appellate argument).

---

[4] Contrary to the plaintiff's argument, the fact that he represented himself at trial did not mean that the defendant's counsel had an obligation to help him prove his case, or to call an expert so that he might elicit helpful evidence on cross-examination.

[5] The addendum to the plaintiff's brief contains medical records, some of which describe events and symptoms long predating the plaintiff's fall at the defendant's property. The plaintiff does not state which -- if any -- of those records was the report that he sought to admit at trial, nor does he explain how they would have shown that the defendant's negligence caused him brain trauma.

The plaintiff does raise two claims with respect to the wording of the judgment dismissing his complaint. First, in his notice of appeal from the judgment dismissing his complaint, the plaintiff took issue with the judgment's use of the word "voluntarily." We conclude that the judge did not abuse his discretion by stating in the judgment that the plaintiff "voluntarily" refused to proceed further in his case. Our review of the transcript supports the judge's conclusion that the plaintiff chose of his own volition not to proceed further with trial even after the judge warned multiple times that the plaintiff could never again bring his claim against the defendant and was likely forfeiting his appellate rights. And the fact that the plaintiff's decision to move to dismiss may have been influenced by the omission of certain evidence that might have been favorable to him -- either because he forgot to introduce it, or the judge ruled to exclude it -- did not render his decision to move to dismiss involuntary. The trial judge saw the plaintiff and had the opportunity to assess the voluntariness of his choice after an extensive discussion; we will not second guess the judge's assessment.

Second, the plaintiff argues that the wording of the judgment of dismissal was a "legal fatal mistake," because although the judge discussed Mass. R. Civ. P. 41 at the hearing, the judgment "never said a word about" that rule. This argument

11

is without merit.  The judgment was a "separate document" setting forth the relief granted or denied, as required by Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977).  Because "no confusion can exist concerning its import," the judgment was not required to include "clerical niceties" such as citations to procedural rules.  Lewis v. Emerson, 391 Mass. 517, 520 (1984).

We further conclude that the judge did not abuse his discretion by entering the dismissal with prejudice, as permitted by Mass. R. Civ. P. 41 (a) (2).  That is particularly so here, where except for closing arguments and jury deliberations, the trial was over.  See Evans, 465 Mass. at 462-463 & n.23 (during jury deliberations, judge acted within her discretion in allowing with prejudice plaintiff's oral motion to dismiss claim).

By moving during trial to dismiss the complaint with prejudice, the plaintiff waived the issues he seeks to raise on appeal.  If we were to consider them, we would discern no abuse of discretion by the trial judge.

Judgment dated May 14, 2018, affirmed.

By the Court (Neyman, Grant & Hershfang, JJ.[6]),

Joseph F. Stanton

Clerk

---

[6] The panelists are listed in order of seniority.

12

Entered:  July 3, 2023.