NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-986

S. DOE[1]

vs.

AARON JONCAS, METCO DIRECTOR OF THE TOWN OF CONCORD & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, S. Doe (mother), appeals from an order

striking her appearance and notice of appeal that she filed on

behalf of her child, Cory.[3]  A Superior Court judge ruled that

the mother, a nonattorney litigant proceeding pro se, was not

---

[1] "S. Doe" is a pseudonym that the plaintiff assigned to herself in her complaint.

[2] Jessica Murphy, director of special education in the Concord Public Schools; and Diana Frost Rigby, former superintendent of the Concord Public Schools.  S. Doe brought claims against each defendant in their individual and official capacities.  During the pendency of the Superior Court action, Rigby's successor, Laurie Hunter, was substituted for Rigby to the extent S. Doe brought claims against Rigby in her official capacity.  See Mass. R. Civ. P. 25 (d), 365 Mass. 771 (1974).

[3] A pseudonym.

permitted to file a notice of appeal on Cory's behalf where Cory, represented by a guardian ad litem, previously settled all of his claims. We affirm.

Background. The mother filed a complaint in Superior Court alleging claims on behalf of herself and Cory against employees of both the Concord Public Schools and the Metropolitan Council for Educational Opportunity (METCO, Inc.) (collectively, defendants).[4] The complaint alleged that the defendants discriminated against Cory in violation of Federal and State law, and that the defendants intentionally inflicted emotional distress upon Cory and the mother. In 2018, a judge dismissed all of the claims except count seven, the tort claim alleging intentional infliction of emotional distress by the defendants against Cory and the mother. On the defendants' motion, the judge appointed a guardian ad litem to represent Cory's interests.

Through his guardian ad litem, Cory settled his claim, and jointly petitioned with the defendants for approval of the settlement agreement pursuant to G. L. c. 231, § 140C 1/2. The

---

[4] During the Superior Court proceedings, the plaintiff voluntarily dismissed her claims against METCO's executive director and METCO itself, leaving METCO's director, Aaron Joncas, as the only remaining defendant associated with METCO in this case.

2

mother strenuously objected to the settlement.[5]  A judge approved the settlement, finding that it was in Cory's best interest.  As to the mother's remaining claim for intentional infliction of emotional distress, a judge allowed the defendants' motion to dismiss that claim.[6]  Judgment entered.

On January 17, 2023, the mother signed and filed a notice of appeal, captioned as if filed on behalf of both herself and Cory.  Cory's guardian ad litem moved to strike "the appearance and/or appeal filed by [the mother] on behalf of [Cory]," asserting that the mother lacked standing to take an appeal on Cory's behalf.[7]  On May 26, 2023, a different Superior Court judge allowed Cory's motion to strike the mother's appearance on

_____

[5] The mother moved to reconsider appointment of the guardian ad litem, repeatedly moved to intervene on behalf of Cory, moved for appointment of independent counsel for Cory, and sought relief from a single justice of this court, all of which were denied.

[6] The mother appealed from the judgment of dismissal; that case is pending separately in this court and is not before us.

[7] Motions were filed in Cory's name requesting that the court remove his guardian ad litem and appoint new counsel.  A judge denied those motions because the settlement had already been approved.  Notices of appeal were also filed in Cory's name.  In that appeal, a petition for relief pursuant to G. L. c. 231, § 118, was filed in Cory's name, and single justices ruled that, as an unrepresented minor child, Cory may not prosecute his own appeal or be represented by a nonattorney, but accorded Cory an extension of time to obtain counsel and file a brief.  Cory failed to do so within the time provided, and his appeal was dismissed pursuant to rule 19.0 of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1011 (2020).

behalf of Cory and denied the mother's motion to intervene. The mother filed a notice of appeal from those rulings solely on her own behalf. That appeal is now before us.

Discussion. 1. Motion to strike. The mother argues that the judge improperly struck her appearance and January 17, 2023 notice of appeal, which stated that it was filed on Cory's behalf.[8] First, the mother contends that the judge abused her discretion by granting the defendants' motion to strike, because in doing so the judge considered the merits of Cory's appeal. Second, the mother maintains that she is not "prosecuting the appeal" on Cory's behalf, and so she is not engaging in the unauthorized practice of law.

We review the allowance of a motion to strike a notice of appeal for error of law or an abuse of discretion. See Rudders v. Building Comm'r of Barnstable, 51 Mass. App. Ct. 108, 110-111 (2001) (judge erroneously struck notice of appeal). See also Scheuer v. Mahoney, 80 Mass. App. Ct. 704, 708 (2011) (applying abuse of discretion standard to judge's dismissal of appeal).

In granting Cory's motion to strike the mother's notice of appeal and appearance purportedly filed on Cory's behalf, the

---

[8] On appeal, the mother does not raise any issue about the denial of her motion to intervene, so we do not consider that issue. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief").

4

judge considered that Cory was represented by a court-appointed guardian ad litem who resolved all of Cory's claims through a court-approved settlement.  The judge concluded that the guardian ad litem had effectively represented Cory's interests.  The judge also said she "s[aw] no reason to disturb another judge's findings that the settlement was in the best interest of the child."

The mother relies on Rudders, 51 Mass. App. Ct. at 110-111, to argue that the dismissal was improper because the judge's stated reasons went to the merits of Cory's appeal.  While a trial court judge may strike a notice of appeal for certain procedural reasons, "[q]uestions going to the merits of the claimed appeal are for the appellate court to decide."  Id.  See Jahm v. Mall at Liberty Tree, LLC, 101 Mass. App. Ct. 901, 902-903 (2022) (vacating dismissal of appeal because trial judge lacked authority to determine that plaintiff was not "aggrieved" by final judgment).  The mother argues that the judge improperly struck the notice of appeal, because the reason for doing so was not one of the specific procedural reasons identified in Rudders, such as untimeliness of the notice of appeal.  Rudders, supra at 110 n.7.  We are not persuaded, because the judge's ruling is based on a fundamental procedural defect in the

mother's case:  the mother does not have standing to represent Cory.[9]

Nonattorney litigants who are proceeding pro se may not represent anyone other than themselves.  See Burnham v. Justices of the Superior Court, 439 Mass. 1018, 1018 (2003) (nonattorney may not argue in court on behalf of other individuals and corporations).  See also G. L. c. 221, § 46A ("No individual, other than a member, in good standing, of the bar of this commonwealth shall practice law").  The judge did not abuse her discretion in concluding that the mother was not permitted to file a notice of appeal on Cory's behalf, where Cory had settled his claims that were subsumed in the judgment.[10]

Additionally, the mother argues that by simply filing a notice of appeal on Cory's behalf she was not "prosecuting the

_____

[9] Cory's rights are not without protection.  As mentioned, Cory's appeal from the Superior Court order approving the settlement was entered separately on this court's docket, see note 7 supra, as was the mother's appeal from dismissal of her claim for intentional infliction of emotional distress, see note 6 supra.  We take no position on the validity of any challenge by Cory or the mother to that settlement, as that issue is not before us.  Cf. Abdulky v. Lubin & Meyer, P.C., 102 Mass. App. Ct. 441, 447-448 (2023), cert. denied, 144 S. Ct. 806 (2024) (parents' legal malpractice claims not barred by court-approved settlement under G. L. c. 231, § 140C 1/2).

[10] To the extent that the same notice of appeal also sought appellate review of the dismissal of the mother's emotional distress claim, nothing in the judge's ruling prevented the mother from pursuing that appeal, as she apparently is doing. See note 6, supra.

appeal," so she was not engaged in the unauthorized practice of law.  This argument is unavailing.  Appealing a legal claim on behalf of another pursuant to Mass. R. A. P. 3, as appearing in 481 Mass. 1603 (2019), is practicing law.  See LAS Collection Mgt. v. Pagan, 447 Mass. 847, 849-850 (2006), quoting Lowell Bar Ass'n v. Loeb, 315 Mass. 176, 183 (1943) ("Plainly the commencement and prosecution for another of legal proceedings in court, and the advocacy for another of a cause before a court . . . are reserved exclusively for members of the bar").

In certain circumstances, a nonattorney may perform the "essentially ministerial" act of filing a notice of appeal on behalf of another, "so long as an attorney promptly files an appearance and prosecutes the appeal" (quotation and citation omitted).  Braxton v. Boston, 96 Mass. App. Ct. 714, 718-719 (2019).  But those circumstances were not present here, where after the mother filed the notice of appeal on January 17, 2023, more than four months passed before the judge struck that notice of appeal, and during that time no attorney filed an appearance representing Cory.  See note 7 supra.

2.  Jurisdiction.  The mother also argues that once her notice of appeal was docketed in the Superior Court, that court no longer had jurisdiction over the case and the judge could not rule on the defendants' motion to strike the notice of appeal.  That is incorrect.  Once an appeal is entered in the appellate

court docket, the trial court that issued the judgment or order appealed from is divested of jurisdiction.  See Commonwealth v. Cronk, 396 Mass. 194, 197 (1985).  Until then, however, the trial court retains jurisdiction, even after a party files a notice of appeal.  See Commonwealth v. Washington W., 462 Mass. 204, 215 n.6 (2012).  Jurisdiction was proper here because the judge allowed the defendants' motion to strike on May 26, 2023, about three months before the appeal entered on the docket of the Appeals Court.

Orders dated May 26, 2023, allowing child's motion to strike S. Doe's appearance and appeal on child's behalf, and denying S. Doe's motion to intervene, affirmed.

By the Court (Massing, Henry & Grant, JJ.[11]),

Clerk

Entered:  December 12, 2024.

---

[11] The panelists are listed in order of seniority.