APPEALS COURT 
 
 ADOPTION OF ONYA (and a companion case[1] )

 
 Docket:
 24-P-561
 
 
 Dates:
 November 8, 2024 - January 22, 2025
 
 
 Present:
 Henry, Sacks, & Singh, JJ.
 
 
 County:
 Hampden
 

 
 Keywords:
 Practice, Civil, Dismissal of appeal. Rules of Appellate Procedure
 
 

             Petition filed in the Hampden County Division of the Juvenile Court Department on September 17, 2018.
            A motion to vacate dismissal of an appeal was heard by Carol A. Shaw, J.
            William A. Comeau for the father.
            Matthew A. Price for Department of Children and Families.
            Lisa M. Kling for the children.
            SINGH, J.  This is an appeal by the father whose parental rights to his daughters, Onya and Jane, were terminated after trial.  Although the father (through his court-appointed counsel) filed a timely notice of appeal, the Department of Children and Families and the children jointly moved to dismiss the appeal six months later on the basis that the father had failed to prosecute the appeal by neglecting to file two documents -- a motion for funds and a motion for appointment of appellate counsel.  A judge of the Juvenile Court dismissed the appeal the same day.[2]  The following day, the father filed the two motions in question, but the judge took no action on them.[3]  The father then filed a motion to vacate the dismissal of the appeal, which was denied.  On November 14, 2024, we issued an order vacating the dismissal of the father's appeal.  This opinion sets forth the reasoning for that order.
            Discussion.  Massachusetts Rule of Appellate Procedure 3 (a) (1), as appearing in 481 Mass. 1603 (2019), provides that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal."  This rule addresses when an appellate court may take action regarding a procedural misstep on appeal.  By contrast, Mass. R. A. P. 10 (c), as appearing in 481 Mass. 1618 (2019), authorizes a trial court judge to dismiss an appeal for failure to comply with Mass. R. A. P. 9 (d), as appearing in 481 Mass. 1615 (2019) (concerning assembly of record) or Mass. R. A. P. 10 (a) (1), as appearing in 481 Mass. 1618 (2019) (concerning docketing).  See Jahm v. Mall at Liberty Tree, LLC, 101 Mass. App. Ct. 901, 902 (2022) ("'lower court' judge may dismiss an appeal for specific procedural deficiencies").  A finding of "inexcusable neglect" is required to support a dismissal of an appeal pursuant to Mass. R. A. P. 10 (c).  However, where the failure to comply with Mass. R. A. P. 9 (d) is at issue, as it is here, the appellant may avoid dismissal by curing the noncompliance prior to a hearing on the motion to dismiss:  "If, prior to the lower court's hearing such motion for noncompliance with Rule 9(d), the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely."  Mass. R. A. P. 10 (c).
            Here, the father's noncompliance with Mass. R. A. P. 9 (d) was claimed to be the failure to file a motion for reasonable costs associated with the appeal and a motion for the appointment of appellate counsel.  See Mass. R. A. P. 3 (f) (2), as appearing in 481 Mass. 1603 (2019) (requiring court-appointed counsel in child welfare cases to file motion for costs on appeal and motion for appointment of appellate counsel at same time as notice of appeal).  We pass over the question whether those motions fell within the scope of Mass. R. A. P. 9 (d).  See Robinson v. Planning Bd. of Wayland, 23 Mass. App. Ct. 920, 921-922 (1986) (construing language of then-Mass. R. A. P. 9 [c] [1], as amended, 378 Mass. 935 [1979], now appearing in rule 9 [d]).  Even if there was noncompliance with Mass. R. A. P. 9 (d), the father was entitled to a hearing on the motion to dismiss under Mass. R. A. P. 10 (c).  See Russell v. McOwen-Hanelt, 413 Mass. 106, 110 (1992), cert. denied, 506 U.S. 1051 (1993) (judge may not dismiss case if appellant cures defect before hearing).  The hearing on the father's subsequent motion to vacate the dismissal of the appeal did not substitute for the father's right to be heard in opposition to the motion to dismiss and did not afford him the right, to which Mass. R. A. P. 10 (c) entitles him, to cure.[4]
            As previously noted, the order dismissing the appeal has been vacated and the case remanded to the Juvenile Court for action on the previously filed motion for funds and motion for appointment of appellate counsel, so that the father's appeal may proceed without further delay.
 
footnotes

 
            [1] Adoption of Jane.  The children's names are pseudonyms.
            [2] The judge later explained that the father was given no opportunity to oppose the motion to dismiss because his right to receive any further notice in the case had been extinguished along with the termination of his parental rights.  Although the decrees terminating the father's parental rights generally cut off his right to receive notice of further legal proceedings affecting the disposition of the children, see G. L. c. 210, § 3 (b), he did not forfeit his right to notice concerning his attempt to appeal the termination of his parental rights or otherwise "to seek redress from aspects of the decree[s] through ordinary posttrial proceedings."  Adoption of Franklin, 99 Mass. App. Ct. 787, 804 (2021).
            [3] The judge later explained that no action was taken on the motions because they related to a dismissed appeal; the motions were therefore moot.  Two months after the notice of appeal was filed, the clerk reached out to the father's counsel and reminded him of his obligation to file additional motions.  It is unfortunate that the motions, finally curing the alleged defect within six months, lay dormant for more than one year further while the father struggled to preserve his right to appeal.
            [4] The provision of a right to cure encompasses the value that cases should preferably be decided on the merits.  Where the neglect appears to be on the part of court-appointed counsel and the harsh consequence is to be borne by the father, this value is especially significant.  See Custody of a Minor (No. 3), 16 Mass. App. Ct. 998, 1000 (1983) (court excused parents' lengthy delay in docketing appeal "in order that so vital a matter for parents and child shall not fail of a review here on the merits").